# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is entered into by and between PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") and Richard Reed, Frankie Garcia, Michael Siegel, Linda Johnson, David MacDonald, Lasedrick Toles, John Rossi, Michael Thomas, Marissa Porter, Angela Morgan, Benjamin Fisher, Brittany Hallman, Russell Autry, Jacob Benjamin, Victoria Phillips, Christopher Williams, David Sauceda, James Lowery, Hal Evans, Charles Byrd, Vanessa Wilson, Daniel Cohen, Mayra Mendez, and Meliza Moran (collectively, "Plaintiffs" and, together with Defendant, the "Parties"), both individually, and on behalf of the Settlement Class (as defined below) in the litigation titled *In Re: Post Meds, Inc., Data Breach Litigation.* Case No. 4:23-cv-05710-HSG, in the United States District Court for the Northern District of California (the "Litigation").

## I.    <u>FACTUAL BACKGROUND AND RECITALS</u>

1.    Defendant is a digital pharmacy that operates a nationwide network of URAC-accredited mail order and specialty pharmacies. Defendant is a Delaware corporation with its principal place of business located at 3121 Diablo Avenue, Hayward, California 94545.

2.    The Litigation arose after Defendant began sending a notice letter (the "Notice Letter") on October 30, 2023, alerting Plaintiffs that their personally identifiable information ("PII") and protected health information ("PHI") (collectively referred to as "Private Information") had been accessed by an unauthorized third party between August 30, 2023 and September 1, 2023 (the "Data Incident").

3.    Plaintiffs filed their respective complaints in the United States District Court for the Northern District of California in or around November 2023. On December 5, 2023 the court issued an order consolidating the Plaintiffs' individual cases into one consolidated case, the aforementioned Litigation.

4.    The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5.    Defendant denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future. Despite Defendant's position that it is not liable for and has good defenses to the claims alleged in the Litigation, Defendant desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed, or document created in relation to the Settlement Agreement or negotiation, or discussion thereof is, may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability of Defendant.

6.      The Parties now enter into this Settlement Agreement. Settlement Class Counsel has conducted a pre-suit investigation, reviewed informal discovery materials in preparation for and during the course of a mediation, and fully evaluated the risk of future litigation. Moreover, Settlement Class Counsel has fully evaluated the available facts, applicable law, and comparable settlements related to the Litigation and have concluded that the proposed settlement according to the terms set forth below is fair, reasonable, adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact, (2) the risks inherent in the Litigation, (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement, and (4) the magnitude of the benefits derived from the proposed Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever.

7.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

8.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be fully and finally settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Settlement Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.    <u>DEFINITIONS</u>

As used in this Settlement Agreement, the following terms have the meanings specified below:

9.      "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

10.      "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit A.**

11.      "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline is entered or such other date as ordered by the Court in the Preliminary Approval Order. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice, on the Settlement Website and the Claim Form.

12.      "**Counsel**" or "**Parties' Counsel**" means both Settlement Class Counsel and Defendant's Counsel, collectively.

13.      "**Court**" shall mean the United States District Court for the Northern District of California.

14.    "**Data Incident**" shall mean the cyberattack described in Plaintiffs' operative complaint in *In Re: Post Meds, Inc. Data Breach Litigation*, N.D. Cal. Case No. 4:23-cv-05710-HSG.

15.    "**Defendant**" shall mean PostMeds, Inc. d/b/a TruePill.

16.    "**Defendant's Counsel**" shall mean Marcus McCutcheon and Casie D. Collignon of Baker & Hostetler, LLP.

17.    "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final, which is thirty (30) days after the Court's grant of the Final Approval Order, assuming no appeals have been filed.  If an appeal is filed, the Effective Date will be thirty (30) days from when the final appeal is completed, and a final judgment is entered in the Litigation.

18.    "**Email Notice**" shall mean is the notice form that will be e-mailed to each available Settlement Class Member for whom Defendant has a current, valid email address, attached as **Exhibit B**.

19.    "**Escrow Agent**" shall mean Western Alliance Bank.

20.    "**Fee and Expense Application**" shall mean the Motion to be filed by Settlement Class Counsel, in which they seek approval of an award of attorneys' fees and litigation expenses.

21.    "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Settlement Class Counsel.

22.    "**Final**" means the Final Approval Order has been entered on the docket, and: (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, all potential appeals have been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of all potential appeals enters a further order or orders approving settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

23.    "**Final Approval Hearing**" means the hearing before the Court where Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement and approving the Fee Award.

24.    "**Final Approval Order**" shall mean an order entered by the Court that:

    i.    Certifies the Settlement Class for Settlement purposes only;

    ii.   Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    iv.    Approves the Release provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

    v.    Reserves jurisdiction over the settlement and this Settlement Agreement; and

    vi.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

The Parties shall negotiate and agree upon the form of the Final Approval Order to be submitted to the Court as well as the Motion for Final Approval.

25.    "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Settlement Class Members about class action settlements and specifically about this Settlement that will be posted on the Settlement Website.

26.    "**Litigation**" shall mean the action captioned *In Re: Post Meds, Inc. Data Breach Litigation.* Case No. 4:23-cv-05710-HSG, in the United States District Court for the Northern District of California.

27.    "**Long Form Notice**" is the detailed, long form notice that will be posted on the Settlement Website including robust details about the Settlement. **Exhibit C.**

28.    "**Notice**" means the direct notice of this proposed settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits B, C, and E** and is consistent with the requirements of Due Process.

29.    "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members; the Long Form and Short Form Notices will be posted to the Settlement Website and will occur sixty (60) days after the Court enters the Preliminary Approval Order or such other date as ordered by the Court.

30.    "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, hosting and maintaining the Settlement Website, locating Settlement Class Members, processing Claim Forms, determining the eligibility of any person to be a Settlement Class Member, and administering, and resolving deficiencies in submitted Claim Forms, and calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Settlement Agreement. Notice and Administrative Expenses shall be paid by the Settlement Fund.

31.    "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court, which shall be designated

as a date approximately sixty (60) days after Notice Deadline, or such other date as ordered by the Court.

32.    "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline, or such other date as ordered by the Court. This Deadline will also be known as the "Exclusion Deadline." Settlement Class Members' opt-out requests may also be referred to herein as a "Request for Exclusion."

33.    "**Out-of-Pocket Losses**" means out-of-pocket costs or expenditures that a Settlement Class Member actually incurred as a result of the Data Incident and that are supported by reasonable documentation. "Out-of-Pocket Losses" include things such as unreimbursed losses relating to fraud or identity theft, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services, costs associated with freezing or unfreezing credit with any credit reporting agency, credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission, and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

34.    "**Parties**" shall mean Plaintiffs and Defendant, collectively.

35.    "**Plaintiffs**," "**Settlement Class Representatives**," or "**Settlement Class Plaintiffs**" shall mean Richard Reed, Frankie Garcia, Michael Siegel, Linda Johnson, David MacDonald, Lasedrick Toles, John Rossi, Michael Thomas, Marissa Porter, Angela Morgan, Benjamin Fisher, Brittany Hallman, Russell Autry, Jacob Benjamin, Victoria Phillips, Christopher Williams, David Sauceda, James Lowery, Hal Evans, Charles Byrd, Vanessa Wilson, Daniel Cohen, Mayra Mendez, and Meliza Moran.

36.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class.

37.    "**Private Information**" means Plaintiffs' and Settlement Class Members' full names; contact information; demographic information; dates of birth; Social Security numbers; diagnosis information; treatment information; prescription information; medical record numbers; provider names; dates of service; and health insurance information, that TruePill collected and maintained.

38.    "**Released Claims**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

39.    "**Released Parties**" shall mean Defendant and its customers and partners impacted in the Data Incident, including their past or present agents, subsidiaries, parents, and affiliates, and their respective employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, and/or sureties ("Released Parties").

40.    "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

41.    "**Remainder Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund provided for in this Settlement Agreement. While it is not anticipated that there will be any residual funds after the pro rata Cash Fund payments are made (which will have the practical effect of "sweeping" all the Net Settlement Funds into pro rata payments for valid claimants), residual funds will be redistributed to the class on a pro rata basis until it is uneconomical to do so.  The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for reissuing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more Court-approved charitable organization(s) as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution.

42.    "**Service Awards**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement. The Service Awards requested in this matter will be $1,500.00 to each of the Plaintiffs, subject to Court approval. For tax purposes, the Service Award paid to the Plaintiffs shall be treated as a 1099-miscellaneous payment.

43.    "**Settlement Administrator**" means, subject to Court approval, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), an entity jointly selected and supervised by Settlement Class Counsel and Defendant to administer the Settlement.

44.    "**Settlement Class**" shall mean "All U.S. residents who were sent notice that their Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill ("PostMeds" or "Defendant"), on or about October 30, 2023." Excluded from the Settlement Class are: (1) the judge presiding over the Litigation, and members of their direct family, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former officers and directors, and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

45.    "**Settlement Class Counsel**" shall mean Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and James J. Pizzirusso of Hausfeld LLP.

46.    "**Settlement Class List**" means a list of each Settlement Class Member's full names and current or last known contact information (U.S. Mail address where available), which Defendant or Defendant's agent shall provide to the Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order.

47.    "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

48.　　"**Settlement Fund**" means the non-reversionary amount to be paid by, or on behalf of Defendant, totaling seven million five hundred thousand dollars and no cents ($7,500,000.00), including any interest accrued thereon after payment to the Settlement Administrator, this being the full and complete limit and extent of Defendant's obligations with respect to the Settlement, but for any remedial business practice changes Defendant has agreed to as described below in Paragraph 66.

49.　　"**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment from the Settlement Administrator from the Settlement Fund to any Settlement Class Members who submitted valid Claim Forms. Payments for valid claims shall be sent or postmarked within thirty (30) days after entry of the Effective Date.  All checks shall be void ninety (90) days after issuance.  If a check becomes void, the Settlement Class Member shall have until thirty (30) days after the void date to request re-issuance by the Settlement Administrator. Settlement Class Members who do not timely cash their Settlement checks and/or fail to request a reissuance will be considered as having waived any right to a cash payment under the Settlement Agreement.

50.　　"**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A and C** (or any forms of these documents that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website will be publicly viewable and contain information about the Settlement, including, but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a Claim, Objection, Exclusion requests, Fee and Expense Application, and the date of the Final Approval Hearing. The Settlement Website is viewed as an important piece of the notice plan to Settlement Class Members. The Settlement Website will remain active until ninety (90) days after the Effective Date.

51.　　"**Short Form Notice**" is the postcard notice that will be mailed to each available Settlement Class Member for whom the Defendant does not have a current, valid email address, attached as **Exhibit E**.

52.　　"**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund.

## III.　　SETTLEMENT FUND

53.　　**Establishment of Settlement Fund**. Within forty-five (45) days after the entry of the Preliminary Approval Order, Defendant shall cause to be deposited the Notice and Administrative Expenses through the date of final approval, as estimated by the Settlement Administrator, into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendant, and Settlement Class Counsel, to cover the Settlement Administrator's reasonable set-up costs, notice, and

administration costs. Defendant shall deposit the balance of the Settlement Fund into the same account within thirty (30) days of the Effective Date. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, to Defendant within ten (10) days of the entry of the Preliminary Approval Order.

54.     **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is non-reversionary and is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.  Beyond funding the Settlement Fund, Defendant shall have no responsibility for any taxes, interest penalties or other amounts due with respect to the Qualified Settlement Fund.

55.     **Oversight of Settlement Fund**. The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 77-78.

56.     **Use of the Settlement Fund**. As further described in this Settlement Agreement and in **Exhibit C** (the Long Form Notice), the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) Notice and Administrative Expenses, (2) Fee and Expenses Award, as approved and awarded by the Court, (3) Service Awards, as approved and awarded by the Court, (4) Documented Out-of-Pocket Losses, (5) Pro-Rata Cash Compensation, (6) Financial Shield Services, and (7) transfer of Remainder Funds to the extent any exist following the preceding payments. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by the Settlement Agreement or approved by the Court. Responsibility for effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

57.     **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court.  Further, the Settlement Administrator shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made

no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Settlement Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Settlement Agreement. For tax purposes, payments made pursuant to this Settlement Agreement to Settlement Class Members who are current or former employees of the Defendant shall be allocated as non-wage compensation.

## IV.    **SETTLEMENT BENEFITS AND ADMINISTRATION**

58.    The Settlement Administrator will agree to make the following compensation available to Settlement Class Members who submit valid and timely Claim Forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination. Settlement Class Members may submit claims for compensation for Out-of-Pocket Losses and either a Cash Fund Payment or one year of Financial Shield services.

i.    **Compensation for Out-of-Pocket Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $4,000.00 per person who is a member of the Settlement Class, upon submission of a claim and supporting documentation, for out-of-pocket monetary losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Settlement Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims. This can include receipts or other documentation that document the costs incurred but does not include documentation that is "self-prepared" by the claimant. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

In addition to compensation for Out-of-Pocket Losses, Settlement Class Members may select one of the following:

ii.    **Cash Fund Payment**: All Settlement Class Members are eligible to make a claim for a cash fund payment, regardless of whether they make a claim for Out-of-Pocket Losses. The *pro rata* cash fund payments will evenly distribute the net amount of the Settlement Fund, after payment of all approved claims for Out-of-Pocket

Losses, Notice and Administration Expenses, and any Fee and Expenses Award, and Service Awards, to each Settlement Class Member who submits a timely and valid claim.

iii.  **Financial Shield**: In lieu of a Cash Fund Payment, Settlement Class Members are eligible to make a claim for one year of data protection and monitoring services from Privacy Shield.

59.  **Settlement Administration Fees**: Notice and Administrative Expenses, including the cost of Notice, will be paid by the Settlement Administrator entirely from the Settlement Fund. After reviewing competitive bids for the settlement administration fees to minimize the administration costs while still providing effective notice to the Settlement Class, the Parties have agreed to use Epiq as the Settlement Administrator. Notice and Administrative Expenses shall be paid through the Settlement Fund and are limited to the common fund amount.

60.  Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

61.  The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Settlement Agreement and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, except insofar as such obligations are explicitly provided for in this Settlement Agreement.

62.  Once the Settlement Administrator and the Settlement are preliminarily approved by the Court, the Settlement Administrator will provide Notice in a manner mutually agreed upon by the Parties.

63.  After the Court enters the Final Approval Order, the Settlement Administrator shall provide the payments described in this Settlement Agreement to all Settlement Class Members that made an Approved Claim, subject to the procedure set forth herein.

64.  The Parties, Settlement Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to: (1) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise, (2) the management, investment or distribution of the Settlement Fund, (3) the formulation, design or terms of the disbursement of the Settlement Fund, (4) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund, (5) any losses suffered by or fluctuations in the value of the Settlement Fund, or (6) the payment or withholding of any Taxes and Tax-Related Expenses.

65.     In addition to any other indemnification obligations set forth in this Settlement Agreement, the Settlement Administrator shall indemnify and hold harmless Parties, Settlement Class Counsel, and Defendant's Counsel for: (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice and the administration of the Settlement, (ii) the management, investment or distribution of the Settlement Fund, (iii) the formulation, design or terms of the disbursement of the Settlement Fund, (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund, or (v) any losses suffered by, or fluctuations in the value of the Settlement Fund.

66.     **Business Practices Changes**: As part of the settlement negotiations, Settlement Class Counsel received assurances that Defendant implemented a number of business practice changes and security enhancements designed to prevent future data security incidents. Defendant has agreed to provide information regarding the specifics of the changes implemented to Settlement Class Counsel upon request.

## V.     CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

67.     **Notice**. Within seven (7) business days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Notice shall be disseminated via email and U.S. mail to all Settlement Class Members and shall be completed within sixty (60) days of the date of the Preliminary Approval Order (the "Notice Deadline"). The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

68.     **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

69.     **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.  No later than 10 days after the Opt-Out Deadline, the Settlement Administrator shall distribute the Opt-Out and Objection Report.

70.     **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. For an objection to be a valid objection under the Settlement, it must be in writing, submitted to the Court either by filing electronically or in person at any location of the United States District Court for the Northern District of California or by

mailing to the Class Action Clerk, United States District Court for the Northern District of California, filed or postmarked by the Objection Deadline, and must include or substantially comply with the following: (1) the name of the proceedings, (2) the Settlement Class Member's full name, current mailing address, email address, and telephone number, (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection, (4) the identity of any attorneys representing the objector, (5) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing, (6) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years, and (7) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Court, in its discretion, may authorize additional discovery of objectors.

71.     **Claim Validation, Cure, and Deficiency Process**. After the Settlement Administrator reviews all claims submitted under this Settlement, it will send a summary to the Parties' Counsel identifying the number of Approved Claims and invalid claims. For invalid claims, the Settlement administrator will send Settlement Class Members submitting such claims a deficiency notice giving the Class Members twenty-one (21) days to cure any deficiencies. The cost of the deficiency process shall be included in the Notice and Administrative Expenses. After all Approved Claims have been fully processed, including reviewing all claims that have been cured through the deficiency process, the Settlement Administrator will send a list of all Approved Claims to the Parties' Counsel.

## VI.     PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

72.     **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.  This stipulation is strictly for the purposes of this Settlement Agreement as provided herein and shall not and may not be used in any other proceeding as any authority for or against certification of any other class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to either Parties' position on the issue of class certification or any other issue.

73.     **Preliminary Approval**. Within thirty (30) days of execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of the Settlement, in a form agreeable to the Parties.

74.     **Final Approval**. Settlement Class Counsel shall move the Court for a Final Approval Order of this Settlement fourteen (14) days prior to the date of the Final Approval Hearing. Contemporaneously with seeking Final Approval of the Settlement, Parties' Counsel shall cause to be filed with the Court a declaration from the Settlement Administrator with respect to the Notice program and the Claims process.

75.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.    MODIFICATION AND TERMINATION

76.    **Modification**. The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Preliminary Approval Order the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement Agreement.

77.    **Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) any court alters or modifies the Final Approval Order in any material respect, the Parties shall have sixty (60) days from the date of such event to work together in good faith in considering, drafting, and submitting reasonable modifications to this Settlement Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Settlement Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, except as set forth in Paragraph 76, neither Party may terminate the Settlement Agreement while an appeal from an order granting approval of the Settlement is pending.

78.    **Termination**. Defendant may also unilaterally terminate this Settlement Agreement on seven (7) days written notice to Settlement Class Counsel if more than 3% of Settlement Class Members submit valid Requests for Exclusion.

79.    **Effect of Termination**. In the event of a termination as provided in Paragraph 77 or 78, this Settlement Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Settlement Agreement. Further, in the event of such a termination, any certification of the Settlement Class for settlement purposes shall be void. In the event of such a termination, all of the Parties' respective pre-Settlement Agreement claims and defenses will be preserved.

13

## VIII.    <u>**RELEASES**</u>

80.    Upon Final Approval of this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge Defendant and the Released Parties and their past or present agents, subsidiaries, parents, and affiliates, and their respective employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, and/or sureties ("Released Parties") from any claims, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, that each Settlement Class member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Incident whether or not those claims, demands, rights, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof ("Released Claims").Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

81. **Bar to Future Suits.** Upon entry of the Final Approval Order, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any Released Claim. It is further agreed that the Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this Paragraph.

82.    **Waiver of California Civil Code Section 1542**.  Plaintiffs and by operation of law, Settlement Class Members, hereby acknowledge that they may hereafter discover facts different from, or in addition to, those which they now claim or believe to be true with respect to the claims released herein and agree that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein. In furtherance of the releases given above, the Plaintiffs and the Settlement Class Members hereby acknowledge that they are knowingly and voluntarily waiving their rights under Section 1542 of the California Civil Code and any equivalent or similar state law to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequences of such waiver have been explained to them by legal counsel, the Parties acknowledge that they are familiar with the provisions of Cal. Civ. Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Furthermore, Plaintiffs herein acknowledge that the effect and import of the provisions of Section 1542 of the California Civil Code, and any equivalent or similar state law, have been explained to them by their own counsel.  Plaintiffs further acknowledge and agree that his waiver of rights under Section 1542 of the California Civil Code, and any equivalent or similar state law, has been separately bargained for and are essential and material terms of this Settlement Agreement and, without such waiver, this Settlement Agreement would not have been entered into.

## IX.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

83.    **Attorneys' Fees and Expenses**. Within forty-five (45) days after the Notice Deadline, Settlement Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed one-third (1/3) of the Settlement Fund for fees, or $2,500,000.00. Settlement Class Counsel will also seek an award for reimbursement of reasonable case costs and expenses actually incurred, in addition to any attorneys' fee award. Within three (3) days after filing the Fee and Expense Application, the Fee and Expense Application shall be posted on the Settlement Website. Any fee or expense award by the Court shall be disbursed to the trust account of Milberg Coleman Bryson Phillips Grossman LLC, ("Milberg"). Before the disbursement or payment of the Fee Award and Expenses under this Settlement Agreement, Milberg shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, no later than seven (7) days after the Effective Date.

84.    **Service Awards**. Within forty-five (45) days after the Notice Deadline, Settlement Class Counsel will file a Fee and Expense Application that will include a request for a Service Award for each of the Settlement Class Representatives not to exceed $1,500.00 in recognition of their contributions to this Litigation. The Settlement Administrator shall make the Service Award payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award payments shall be paid by the Settlement Administrator in the amount approved by the Court no later than seven (7) days after the Effective Date.

85.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards and/or Attorneys' Fees and Expenses in the amounts requested, the remaining provisions of this Settlement Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court concerning the amount of the Service Awards and/or Attorneys' Fees and Expenses shall constitute grounds for termination of this Settlement Agreement.

## X.    NO ADMISSION OF LIABILITY

86.    **No Admission of Liability**. The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

87.    **No Use of Agreement**. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of it: (1) is, or may be deemed to be, or may be used as, an admission of or evidence of the validity of any claim made by Plaintiffs or on behalf of the Settlement Class; or (2) is or may be deemed to be, or may be used as, an admission of or evidence of any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency or other tribunal.

88.     **Non-Disparagement.**  The Parties agree not to make any statements, written or verbal, or to cause or encourage any other Person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the Litigation, the Settlement, this Settlement Agreement, and any discussions, interactions, or negotiations of the settlement by the Parties and their counsel.

89.     **Integration of Exhibits**. Any exhibits to this Settlement Agreement are a material part of the Settlement and are incorporated and made a part of the Settlement Agreement.

90.     **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Settlement Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

91.     **Severability**. Should any part, term or provision of this Settlement Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

92.     **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Settlement Agreement shall refer to calendar days unless otherwise specified.

93.     **Construction**. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that this Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed for or against any Party on those grounds.

94.     **Cooperation of Parties**. The Parties to this Settlement Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the settlement described in this Settlement Agreement.

95.     **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Settlement Agreement, the Parties shall meet and confer with each other in good faith prior to seeking Court intervention.

96.     **Governing Law**. The Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

97.     **Counterparts**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

98.     **Waiver**. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any provision or breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other provision or any other prior or subsequent breach of this Settlement Agreement.

99.     **Notices**. All notices to Settlement Class Counsel provided for herein shall be sent by overnight mail and email to:

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com


And


James J. Pizzirusso
HAUSFELD LLP
888 16th St., NW
Washington, DC 20006
(202) 540-7200
jpizzirusso@hausfeld.com

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

Marcus McCutcheon
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Mmccutcheon@bakerlaw.com


And

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
ccollignon@bakerlaw.com

The notice recipients and addresses designated above may be changed by written notice to the other Party.

100.    **Authority**. Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.


By: _____          Date: ___9/13/2024___
    Casie D. Collignon
    Marcus McCutcheon
    *Counsel for Defendant*


By: _____          Date: ___9/13/2024___
    Gary M. Klinger
    *Counsel for Plaintiffs and the Settlement Class*


By: _____          Date: 9/13/2024
    James J. Pizzirusso
    *Counsel for Plaintiffs and the Settlement Class*

# EXHIBIT A

<<Mail ID>>

PostMeds Settlement Administrator                    **Your Claim Form Must Be Submitted**
[ADD ADDRESS and WEBSITE]                            **Electronically or Postmarked by [ADD DATE]**

## CLAIM FORM

*In Re: PostMeds, Inc. Data Breach Litigation*, Case No. 4:23-cv-05710-HSG

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**The CLAIMS DEADLINE to submit or mail this Claim Form is Month Day, 2024.**

## GENERAL INSTRUCTIONS

A $7.5 million settlement has been reached in a class action lawsuit against PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") arising out of a data security incident occurring between August 30, 2023 and September 1, 2023, (the "Data Incident"). The personally identifiable information and protected health information (together, "Private Information") of the Settlement Class Members was potentially compromised in the Data Incident. Private Information includes Settlement Class Members' full names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information that the Defendant collected and maintained. Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Complaint.

Plaintiffs and Class Counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class.  Plaintiffs and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class.

As a Settlement Class Member, you are eligible to claim relief related to the Security Incident. All Settlement Class Members are eligible to claim: (i) Compensation for Out-of-Pocket Losses up to $4,000.00, and either one of (ii) a Cash Fund Payment, or (iii) one year of data protection and monitoring services from Privacy Shield.

The amount of the Cash Award available to all Settlement Class Members shall be determined pro rata based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Service Awards, Administration and Notice Costs, CAFA Notice costs, the costs of data protection and monitoring services, and payment of valid claims for reimbursement of Out-of-Pocket Losses.

- To receive Settlement benefits, you must complete and submit a claim online or by mail if you are a United States resident who was sent notice that your Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill. You may have been sent notice regarding the Data Incident on or about October 30, 2023.

You must submit your claim online by the Claims Deadline of **Month Day, 2024**, or complete and mail this Claim Form, postmarked by **Month Day, 2024**.

Completed Claim Forms can be mailed to the following address:

PostMeds, Inc. Data Breach Litigation
Settlement Administrator
P.O. Box XXXX
CITY, STATE XXXXX-XXXX

or submit your Claim online at

Website.com

This Claim Form should be used only if a Claim is being mailed and is not being filed online.

**PLEASE BE ADVISED** that any documentation you provide in support of your Out-of-Pocket Losses claim must be submitted **WITH** this Claim Form. No documentation is required for claiming the Cash Fund Payment or the data protection and monitoring Services.

**CLAIM VERIFICATION:** All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.

**ASSISTANCE:** If you have questions about this Claim Form, please visit the Settlement website at [INSERT] for additional information or call [INSERT PHONE NUMBER].

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

For further information, including a copy of the Settlement Agreement, visit the Settlement Website website.com.

## <u>REGISTRATION</u>

First Name:             MI:    Last Name:

Mailing Address:

City:                      State:    ZIP Code:

Telephone Number:

Email Address:

**Please provide the Claim Number identified in the Notice that was emailed to you:**

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?

☐ Yes  ☐  No

> *If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

*Section B – Cash Fund Payment*

**Cash Fund Payment**: Would you like to receive a pro rata cash fund payment under the Settlement?  ☐**Yes**

** The value of each Cash Fund Payments under this option will be determined on a pro rata basis based on the balance of the Settlement Fund after the payment of other benefits, service and attorneys' fees awards, Notice and Settlement Administrator's fees and expenses. The balance of the Settlement Fund will be divided proportionally among those Class Members who submit valid and timely claims selecting the Cash Award.

**You do NOT need to submit documentation to make a claim for a Cash Fund Payment.**

**If you choose a Cash Award, you may not select Data Protection and Monitoring Services.**

**You may also submit a claim for Out-of-Pocket Losses with a claim for a Cash Fund Payment.**

*Section C.  – Data Protection and Monitoring Services*

☐ Yes, I would like to claim for one year of data protection and monitoring services from Privacy Shield.

The Settlement requires Defendant to provide data protection and monitoring services from Privacy Shield to every Settlement Class Member who submits a valid and timely claim form and who elects this benefit.

**You do NOT need to submit documentation to make a claim for credit monitoring.**

**You may choose data protection and monitoring services OR a Cash Fund Payment.**

*Section D –Compensation for Out-of-Pocket Losses*

If you suffered costs or expenditures in response to the Security Incident, you may be eligible to receive a payment to compensate you for Out-of-Pocket losses.

If it is verified that you meet all the criteria described in the Settlement Agreement and you submit the dollar amount of those losses, you will be eligible to receive a payment compensating you for your losses of up to four thousand dollars (**$4,000.00**).

Examples of what can be used to prove your losses include: receipts, account statements, etc. You may also prove losses by submitting information on the claim form that describes the expenses and how they were incurred.

**Did you suffer any out-of-pocket losses that you believe was as a result of the Security Incident?**

☐ Yes  ☐ No

*If yes, you are eligible to fill out the rest of this form and provide supporting documentation.*

For each loss that you believe can be traced to the Security Incident, please provide a description of the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide this information for this claim to be processed**. Supporting documentation must be submitted alongside this Claim Form. **If you fail to provide sufficient supporting documents, the Settlement Administrator will deny your claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. Please do not directly communicate with Defendants regarding this matter. All inquiries are to be sent to the Settlement Administrator.

Examples of Documented Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Examples of documentation include receipts for identity theft protection services, etc.

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Unauthorized credit card charge | 0 7 - 1 7 - 2 0  MM  DD  YY | $50.00 | Letter from Bank |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 - 3 0 - 2 1  MM  DD  YY | $25.00 | Copy of the professional services bill |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |
|  | - -  MM  DD  YY | $ ⬚⬚⬚⬚ · ⬚⬚ |  |

***Section E – Payment***

4

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal*:                ❏ _____ (PayPal Email Address)
- Venmo*:                ❏ _____ (Venmo Email Address)
- Zelle*:                ❏ _____ (Zelle Email Address)
- Paper Check via       ❏ _____
  Mail:                                                  (Mailing Address)

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address.

*Section F. Settlement Class Member Affirmation*

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.** I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.

<u>By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.</u>

Please include your name in both the Signature and Printed Name fields below.

Signature: _____

Print Name: _____

Date: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE MAILED BY OR RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [CLAIMS DEADLINE].**

# EXHIBIT B

FROM: EMAIL ADDRESS

TO: EMAIL ADDRESS

RE: POSTMEDS COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

United States District Court for the Northern District of California

*In Re PostMeds, Inc. Data Breach Litigation*
No. 4:23-cv-05710-HSG

# If your Private Information was included in the Data Incident involving PostMeds, Inc. d/b/a TruePill between August 30, 2023 and September 1, 2023, you may be entitled to benefits from a settlement.

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

**You can learn more at: www.XXXXXXXXXXX.com**

A $7.5 million settlement has been reached in a class action lawsuit against PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") arising out of a data security incident occurring between August 30, 2023 and September 1, 2023, (the "Data Incident"). The personally identifiable information and protected health information (together, "Private Information") of the Settlement Class Members was potentially compromised in the Data Incident. Private Information includes Settlement Class Members' full names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information that the Defendant collected and maintained.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**Who is Included?** You are a "Settlement Class Member" if you are a United States resident who was sent notice that your Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill. According to data from the Defendant, you were sent notice regarding the Data Incident on or about October 30, 2023.

**What Does the Settlement Provide?** You may file a Claim Form to receive the following Settlement Benefits:

**<u>Compensation for Out-of-Pocket Losses:</u>** You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred losses as a result of the Data Incident for reimbursement up to $4,000.00 per person.

In addition to compensation for Out-of-Pocket Losses, you may select <u>one</u> of the following:

**Cash Fund Payment:** You may submit a timely and valid Claim Form for a *pro rata* (a legal term meaning equal share) cash payment, regardless of whether you submit a Claim Form for Out-of-Pocket Losses.

**Privacy Shield:** Instead of a Cash Fund Payment, you may submit a timely and valid Claim Form for one year of data protection and monitoring services from Privacy Shield.

You must submit a timely and valid Claim Form online or by mail postmarked by **Month XX, 20YY**.

**Other Options.** If you do not want to be legally bound by the Settlement, you must opt out of the Settlement no later than **Month XX, 2024**. If you do not opt out, you will give up the right to sue and will release the Defendant and Released Parties about the legal claims in this Action. If you do not opt out, you may object to the Settlement by **Month XX, 2024**. The Long Form Notice on the Settlement Website has instructions on how to opt out or object. If you do nothing, you will get no Cash Payment, and you will be bound by the Settlement and any judgements and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees request of up to $2.5 million of the $7.5 million Settlement Fund, as well as any objections to the Settlement. You or your lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, and if so, instructions will be at www.XXXXX.com.

**This notice is a summary.** Learn more about the Settlement here or call toll free 1-XXX-XXX-XXXX.

# EXHIBIT C

*In Re: PostMeds, Inc. Data Breach Litigation*, Case No. 4:23-cv-05710-HSG
United States District Court for the Northern District of California

# If your Private Information was included in the Data Incident involving PostMeds, Inc. d/b/a TruePill between August 30, 2023 and September 1, 2023, you may be entitled to benefits from a Settlement.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A $7.5 million settlement has been reached in a class action lawsuit against PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") arising out of a data security incident occurring between August 30, 2023 and September 1, 2023, (the "Data Incident"). The personally identifiable information and protected health information (together, "Private Information") of the Settlement Class Members was potentially compromised in the Data Incident. Private Information includes Settlement Class Members' full names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information that the Defendant collected and maintained.

- You are a "Settlement Class Member" if you are a United States resident who was sent notice that your Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill. You may have been sent notice regarding the Data Incident on or about October 30, 2023.

- Settlement Class Members may be able to receive the following Settlement benefits:

  o **<u>Compensation for Out-of-Pocket Losses:</u>** You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred losses as a result of the Data Incident for reimbursement up to $4,000.00 per person.

  In addition to compensation for Out-of-Pocket Losses, you may select <u>one</u> of the following:

  - **<u>Cash Fund Payment:</u>** You may submit a timely and valid Claim Form for a *pro rata* (a legal term meaning equal share) cash payment, regardless of whether you submit a Claim Form for Out-of-Pocket Losses.

  o **<u>Privacy Shield:</u>** Instead of a Cash Fund Payment, you may submit a timely and valid Claim Form for one year of data protection and monitoring services from Privacy Shield.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get Settlement benefits is to submit a Claim Form. | **Submitted or Postmarked on or before MONTH DD, 20YY .** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits. Keep your right to file your own lawsuit against Defendant about the legal claims in this case. | **Postmarked on or before MONTH DD, 20YY .** |
| **OBJECT TO THE SETTLEMENT** | Stay in the Settlement, but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | **Received on or before MONTH DD, 20YY.** |
| **DO NOTHING** | Get no Settlement benefits. Give up your legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court must still decide whether to approve the Settlement and the requested attorneys' Fee Award and Expenses. No Settlement benefits will be provided unless the Court approves the Settlement, and it becomes

**Questions? Go to www.XXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

final.

## BASIC INFORMATION

### 1) Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California is overseeing this class action. The case is known as *In Re: Post Meds, Inc. Data Breach Litigation*, Case No. 4:23-cv-05710-HSG (the "lawsuit"). The individuals who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the company sued, PostMeds, Inc. d/b/a TruePill, is called the "Defendant."

### 2) What is this lawsuit about?

Plaintiffs filed this lawsuit against Defendant, individually, and on behalf of the Settlement Class, whose personally identifying information and protected health information, including full names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information that the Defendant collected and maintained. ("Private Information") was potentially compromised as a result of the Data Incident experienced by the Defendant.

Plaintiffs allege between August 30, 2023 and September 1, 2023, as a result of the Data Incident, there was an unauthorized disclosure of confidential Private Information. Plaintiffs brought this lawsuit against the Defendant.

Defendant denies the legal claims and denies any wrongdoing or liability. No court or other judicial entity has made any judgment or other determination of any wrongdoing by Defendant, or that any law has been violated. Instead, Plaintiffs and Defendant have agreed to a settlement to avoid the risk, cost, and time of continuing the lawsuit.

### 3) Why is the lawsuit a class action?

In a class action, one or more people (called class representatives) sue on behalf of all people who have similar legal claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt out) from the class.

The Class Representatives in this lawsuit are Plaintiffs Richard Reed, Frankie Garcia, Michael Siegel, Linda Johnson, David MacDonald, Lasedrick Toles, John Rossi, Michael Thomas, Marissa Porter, Angela Morgan, Benjamin Fisher, Brittany Hallman, Russell Autry, Jacob Benjamin, Victoria Phillips, Christopher Williams, David Sauceda, James Lowery, Hal Evans, Charles Byrd, Vanessa Wilson, Daniel Cohen, Mayra Mendez, and Meliza Moran.

### 4) Why is there a Settlement?

Plaintiffs and Defendant do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant have agreed to settle the lawsuit. The Class Representatives, Defendant, and their lawyers believe the Settlement is best for all Settlement Class Members because of the benefits available to Settlement Class Members and the risks and uncertainty associated with continuing the lawsuit.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5) How do I know if I am part of the Settlement?

You are a Settlement Class Member if you are a United States resident who was sent notice that your Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill. You may have been sent notice regarding the Data Incident on or about October 30, 2023.

### 6) Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (1) the judge presiding over the Litigation, and members of their direct family, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former officers and directors, and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

### 7) What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.XXXXXXXXXXX.com or call the Settlement Administrator's toll-free number at 1-XXX-XXX-XXXX.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8) What does the Settlement provide?

If you are a Settlement Class Member and you file a submit a timely and valid Claim Form, you may be eligible for the following Settlement benefits:

**Compensation for Out-of-Pocket Losses:** You may submit a timely and valid Claim Form and provide documentation showing documented, out-of-pocket expenses incurred as a result of the Data Incident up to $4,000.00 per Settlement Class Member.

Examples of out-of-pocket losses incurred as a result of the Data Incident include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of the Claim Form submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

You must submit documentation supporting the out-of-pocket loss. This can include receipts or other documentation that document the costs incurred but does not include documentation that is "self-

prepared" by you. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

In addition to compensation for Out-of-Pocket Losses, you may select <u>one</u> of the following:

**Cash Fund Payment:** You may submit a timely and valid Claim Form for a cash payment, regardless of whether you submit a Claim Form for Out-of-Pocket Losses. The *pro rata* (a legal term meaning equal share) cash payments will evenly distribute the net amount of the Settlement Fund to each Settlement Class Member who submits a timely and valid Claim Form, after payment of all time and valid Claim Forms for Out-of-Pocket Losses, Notice and Administration Expenses, and any Fee and Expenses Award, and Service Awards.

**Privacy Shield:** Instead of a Cash Fund Payment, you may submit a timely and valid Claim Form for one year of data protection and monitoring services from Privacy Shield.

| 9) What am I giving up to receive Settlement benefits or stay in the Settlement Class? |
| --- |

Unless you exclude yourself (opt out), you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

| 10) What are the Released Claims? |
| --- |

Paragraph VIII of the Settlement Agreement describes the Released Claims and the Release, in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. For questions regarding the Release or Released Claims and what the language in the Settlement Agreement means, you can also contact Settlement Class Counsel listed in Question 14 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

| 11) How do I submit a Claim Form for Settlement benefits? |
| --- |

You must submit a timely and valid Claim Form to receive any of the Settlement benefits described in Question 8. Your Claim Form must be submitted online at www.XXXXXXXXXXX.com, by **MONTH DD, 20YY**, or mailed to the Settlement Administrator **postmarked** by **MONTH DD, 20YY**. Claim Forms are also available on the Settlement Website or by calling 1-XXX-XXX-XXXX or by writing to:

*PostMeds, Inc. Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

| 12) What happens if my contact information changes after I submit a Claim Form? |
| --- |

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes at:

*Post Meds, Inc. Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX
1-XXX-XXX-XXXX

## 13) When will I receive my Settlement benefits?

If you file a timely and valid Claim Form, Settlement benefits will be provided by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.XXXXXXXXXXX.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14) Do I have a lawyer in this case?

Yes, the Court has appointed Gary M. Klinger of the law firm Milberg Coleman Bryson Phillips Grossman LLC and James J. Pizzirusso of the law firm Hausfeld LLP as Settlement Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Settlement Class Counsel to represent you in this lawsuit.

## 15) How will Settlement Class Counsel be paid?

Settlement Class Counsel will file a motion asking the Court to award attorneys' fees up to $2,500,000.00, and costs incurred, to be paid from the $7.5 million Settlement Fund. Settlement Class Counsel will also ask the Court to approve Service Awards of up to $1,500.00 for each Class Representative for participating in this lawsuit and for their efforts in achieving the Settlement. If awarded by the Court, the attorneys' fees and costs, and the Service Awards will be paid from the Settlement Fund. The Court may award less than these amounts.

Settlement Class Counsel's application for attorneys' fees, expenses, and the Service Awards will be made available on the Settlement Website at www.XXXXXXXXXXX.com before the deadline for you to object to the Settlement.

# OPTING OUT FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Released Parties on your own based on the legal claims raised in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

## 16) How do I opt out of the Settlement?

To exclude yourself from the Settlement, you must mail a written request for exclusion ("Request for Exclusion"), which includes the following:

1) Your name, address and telephone number;
2) Your personal physical signature;
3) The case name: *In Re: Post Meds, Inc. Data Breach Litigation*; and
4) The words "Request for Exclusion" or a comparable statement that you want to be excluded from the Settlement.

The Request for Exclusion must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **MONTH DD, 20YY**:

*Post Meds, Inc. Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

**You cannot opt out (exclude yourself) by telephone or by email.**

### 17) If I opt out can I still get anything from the Settlement?

No. If you opt out, you will not be entitled to receive any Settlement benefits, but you will not be bound by the Settlement or any judgment in this lawsuit. You can only get Settlement benefits if you stay in the Settlement and submit a time and valid Claim Form.

### 18) If I do not opt out, can I sue Defendant for the same thing later?

No. Unless you opt out, you give up any right to sue any of the Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Incident. You must opt out of this lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECTING TO THE SETTLEMENT

### 19) How do I tell the Court that I do not like the Settlement?

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement benefits will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement.

All written objections and supporting papers must (a) clearly identify the case name and number (*In Re: Post Meds, Inc. Data Breach Litigation.* Case No. 4:23-cv-05710-HSG), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612 and (c) be filed or postmarked on or before **MONTH DD, 20YY.**

If you file an objection, you cannot exclude yourself from the Settlement Class. Your objection must include all of the following information:

(1) The case name: *In Re: PostMeds, Inc., Data Breach Litigation*, Case No. 4:23-cv-05710-HSG,

(2) Your full name, current mailing address, email address, and telephone number,

(3) A statement of the specific grounds for the objection, as well as any documents supporting the objection (if any),

(4) The identity of any lawyers representing you (if any),

(5) A statement regarding whether you or your lawyer (if any) intends to appear at the Final Approval Hearing,

(6) A statement identifying all class action settlements objected to by you in the previous five (5) years, and

(7) The signature of you or your lawyer (if any).

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

Any Settlement Class Member who fails to comply with the requirements for objecting detailed above will waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the lawsuit.

### 20) What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

## THE FINAL APPROVAL HEARING

### 21) When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **MONTH DD, 20YY, at XX:XX a.m.** before the Honorable Haywood S. Gilliam, Jr. at the United States District Court for the Northern District of California Courthouse, 1301 Clay Street, Oakland, CA 94612. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Settlement Class Counsel's application for attorneys' fees, costs and expenses, and the Service Award to Plaintiffs.

If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change without further notice to the Settlement Class. The Court may also decide to hold the hearing via video conference or by telephone. You should check the Settlement Website (www.XXXXXXXXXX.com) or the Court's Public Access to Court Electronic Records (PACER) system to confirm the date of the Final Approval Hearing has not changed. Instructions on how to access the Court's PACER site are included in Question 25, below.

## 22) Do I have to attend to the Final Approval Hearing?

No. Settlement Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you timely mail your written objection, the Court will consider it.

## 23) May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself (opt out), you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Settlement Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting to the Settlement listed in Section 19 above—and specifically include a statement whether you and your counsel will appear at the Final Approval Hearing.

# IF YOU DO NOTHING

## 24) What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits, and you will give up rights explained in the "Opting Out from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties about the legal issues in this lawsuit that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

## 25) How do I get more information?

This Notice summarizes the Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXXXXXX.com, by calling 1-XXX-XXX-XXXX or by writing to:

*Post Meds, Inc. Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

You may also contact Class Counsel at the following addresses, and request information about the precise terms of the Settlement:

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com

And

James J. Pizzirusso
HAUSFELD LLP
888 16th St., NW
Washington, DC 20006
(202) 540-7200
jpizzirusso@hausfeld.com

You may also access the Court docket in this case, for a fee, through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. To learn about PACER and register for a PACER account, go to https://www.Pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl.

You can also access and retrieve documents from the Court's docket by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

# EXHIBIT D

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

James J. Pizzirusso
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
T: 202.542.7200
E: jpizzirusso@hausfeld.com

*Interim Class Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| *IN RE: POST MEDS, INC. DATA BREACH LITIGATION* | Case No. 4:23-cv-05710-HSG |
| | Hon. Haywood S. Gilliam, Jr. |
| This Documents Relates To:<br>All Actions | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |

     This matter is before the Court for consideration of whether the Settlement Agreement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement and Release (the "Settlement Agreement").

should be preliminarily certified, and the proposed notice plan approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of The Settlement Class

(1)    The Court provisionally certifies the following Settlement Class for purposes of settlement only:

> All U.S. residents who were sent notice that their Private Information was potentially compromised as a result of the Data Incident experienced by PostMeds, Inc. d/b/a TruePill ("PostMeds" or "Defendant"), on or about October 30, 2023. Excluded from the Settlement Class are: (1) the judge presiding over the Litigation, and members of their direct family, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former officers and directors, and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

(2)    The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all Class Members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class Members; that the Class Representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)    Plaintiffs Richard Reed, Frankie Garcia, Michael Siegel, Linda Johnson, David MacDonald, Lasedrick Toles, John Rossi, Michael Thomas, Marissa Porter, Angela Morgan, Benjamin Fisher, Brittany Hallman, Russell Autry, Jacob Benjamin, Victoria Phillips, Christopher Williams, David Sauceda, James Lowery, Hal Evans, Daniel Cohen, Charles Byrd, Vanessa Wilson, Daniel Cohen, Mayra Mendez, and Meliza Moran are designated and appointed as the Settlement Class Representatives.

(4)    Gary M. Klinger of Milberg Goleman Bryson Phillips Grossman PLLC and James

J. Pizzirusso of Hausfeld LLP, previously designated as Interim Co-Lead Class Counsel, are designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that Mr. Klinger and Mr. Pizzirusso, are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement Agreement

(5)    Upon preliminary review, the Court finds the proposed Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement Agreement is preliminarily approved.

### Final Approval Hearing

(6)    A Final Approval Hearing shall take place before the Court on _____, 2024, at __ a.m./p.m. in Courtroom 2 of the United States District Court for the Northern District of California (Oakland Division), located at 1301 Clay Street, Oakland, CA 94612, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement Agreement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorney's fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The hearing may be re-scheduled without further notice to the Class.

(7)    Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards no later than 45 days after the Notice Deadline.

(8)    Any Settlement Class Member that has not timely and properly excluded themselves from the Settlement Agreement in the manner described below, may appear at the Final

Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement Agreement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement Agreement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement Agreement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## **Administration**

(9)    Epiq Class Action & Claims Solutions, Inc. ("Epiq") is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement Agreement.

## **Notice to the Class**

(10)    The Notice Plan along with the Short Notice, Long Notice, and Email Notice, attached to the Settlement Agreement as Exhibits B, C, and E, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement Agreement requires.

(11)    The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, Email Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil

1  Procedure 23, the constitutional requirement of due process, and any other legal requirements. The

2  Court further finds that the notice is written in plain language, uses simple terminology, and is

3  designed to be readily understandable by Settlement Class Members.

4  **Exclusions from the Class**

5  (12)    Any individual that wishes to be excluded from the Settlement must mail a written

6  notification of such intent by United States mail to the designated address established by the

7  Settlement Administrator (or submit online via the settlement website), postmarked or submitted

8  no later than 60 days after the Notice Date (the "Opt-Out Deadline"). The written notification must

9  include the name of this Action (*In Re: Post Meds, Inc. Data Breach Litigation*, Case No. 4:23-

10  cv-05710-HSG (N.D. Cal.)), the full name and address of the individual seeking exclusion from

11  the Settlement Agreement; be personally signed by the individual seeking exclusion; include a

12  statement in the body of the document clearly indicating the individual's intent to be excluded

13  from the Settlement; and request exclusion only for that one individual whose personal signature

14  appears on the request. Any individual who does not submit a valid and timely request for

15  exclusion in the manner described herein shall be bound by the Settlement Agreement, including

16  all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments

17  applicable to the Settlement Class.

18  (13)    All individuals who submit valid and timely requests for exclusion from the

19  Settlement Agreement shall not: (i) be bound by any orders or judgments entered in connection

20  with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the

21  Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any

22  aspect of the Settlement.

23  (14)    The Settlement Administrator shall provide the Parties with copies of all requests

24  for exclusion promptly upon receipt, a weekly report which includes a summary of the number of

25  requests for exclusion, and, within ten (10) days after the Opt-Out Deadline, a final list of all that

26  have timely and validly excluded themselves from the Settlement Class in accordance with the

27  terms of the Settlement Agreement and herein. Prior to the Final Approval Hearing, the Settlement

28

Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement Agreement.

<u>**Objections to the Settlement Agreement**</u>

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement Agreement.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

> a. the case name and number of the Action (*In Re: Post Meds, Inc. Data Breach Litigation*, Case No. 4:23-cv-05710-HSG (N.D. Cal.);

> b. the name, address, email address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

> c. a statement of whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

> d. a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the five years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

> e. a statement of the specific grounds for the objection;

> f. The identity of any attorneys representing the objector;

> g. a statement identifying whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and

> h. The signature of the Settlement Class Member or the Settlement Class Member's attorney.

(17)    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

(18)    A written notice of objection may be either electronically filed in the Action's electronic docket on or before the Objection Deadline; sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to the Class Action Clerk, United States District Court for the Northern District of California (Oakland Division), 1301 Clay Street, Oakland, CA 94612; or in person at any location of the United States District Court for the Northern District of California on or before the Objection Deadline.

(19)    Any Settlement Class Member who fails to object to the Settlement Agreement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement Agreement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement Agreement or the terms of this Agreement by appeal or any other means.

**Claims Process and Distribution Plan**

(20)    The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(21)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement Agreement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement Agreement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form, shall be forever barred from receiving any such benefit. Such Class Members, however, will in all other respects be subject to and bound by the provisions of the

Settlement Agreement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

### Termination of the Settlement Agreement and Use of this Order

(22)    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement Agreement shall be used or referred to for any purpose whatsoever.

(23)    If the Settlement Agreement is not finally approved or there is no Effective Date under the terms of the Settlement Agreement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Post Meds, Inc. d/b/a/ TruePill of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

(24)    Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(25)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of

those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

(26)    The Court stays and enjoins, pending Final Approval of the Settlement Agreement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against PostMeds, Inc. d/b/a TruePill related to the Data Breach.

**Summary of Deadlines**

(27)    The Settlement Agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| Event | Time for Compliance |
| --- | --- |
| Notice Date | Within 60 calendar days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | No later than 45 calendar days after the Notice Date |
| Claims Deadline | Within 90 calendar days after the Notice Date |
| Opt-Out / Exclusion Deadline | Within 60 calendar days after the Notice Date |
| Objection Deadline | Within 60 calendar days after the Notice Date |
| Final Approval Brief and Response to Objections Due | No later than 14 days prior to the Final Approval Hearing |

| Final Approval Hearing | No earlier than 120 days after the Notice Date |
|---|---|
| | *The Final Approval Hearing date/time may be changed without further notice to the Class. |

**IT IS SO ORDERED** this ___ day of _____, 2024.

_____
THE HONORABLE HAYWOOD S. GILLIAM, JR.

# EXHIBIT E

Post Meds, Inc. Data Breach Litigation
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

**BARCODE
NO-PRINT
ZONE**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

Court-Approved Legal Notice
*In Re: Post Meds, Inc. Data Breach Litigation,*
4:23-cv-05710-HSG, United States District
Court for the Northern District of California

**If your Private Information was
included in the Data Incident
involving PostMeds, Inc. d/b/a
TruePill between August 30, 2023
and September 1, 2023, you may be
entitled to benefits from a
settlement.**

*A Court has authorized this notice.
This is __not__ a solicitation from a lawyer.*

www.XXXXXXXXXXX.com
1-XXX-XXX-XXXX

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

A $7.5 million settlement has been reached in a class action lawsuit against PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") arising out of a data security incident occurring between August 30, 2023 and September 1, 2023, (the "Data Incident"). The personally identifiable information and protected health information (together, "Private Information") of the Settlement Class Members was potentially compromised in the Data Incident. Private Information includes Settlement Class Members' full names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information that the Defendant collected and maintained.

**Who is Included?** You are a "Settlement Class Member" if you are a United States resident who was sent notice that your Private Information was potentially compromised as a result of the Data Incident experienced by Postmeds, Inc. d/b/a Truepill. According to data from the Defendant, you were sent notice regarding the Data Incident on or about October 30, 2023.

**What does the Settlement Provide?** You may file a Claim Form to receive the following Settlement Benefits:
**Compensation for Out-of-Pocket Losses:** You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred losses as a result of the Data Incident for reimbursement up to $4,000.00 per person.
In addition to compensation for Out-of-Pocket Losses, you may select <u>one</u> of the following:
**Cash Fund Payment:** You may submit a timely and valid Claim Form for a *pro rata* (a legal term meaning equal share) cash payment, regardless of whether you submit a Claim Form for Out-of-Pocket Losses.
**Privacy Shield:** Instead of a Cash Fund Payment, you may submit a timely and valid Claim Form for one year of data protection and monitoring services from Privacy Shield.
You must submit a timely and valid Claim Form online or by mail postmarked by **Month XX, 20YY**.

**Other Options**. If you do not want to be legally bound by the Settlement, you must opt out of the Settlement no later than **Month XX, 2024**. If you do not opt out, you will give up the right to sue and will release the Defendant and Released Parties about the legal claims in this Action. If you do not opt out, you may object to the Settlement by **Month XX, 2024**. The Long Form Notice on the Settlement Website has instructions on how to opt out or object. If you do nothing, you will get no Cash Payment, and you will be bound by the Settlement and any judgements and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees request of up to $2.5 million of the $7.5 million Settlement Fund, as well as any objections to the Settlement. You or your lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, and if so, instructions will be at www.XXXXX.com.

**This notice is a summary. Learn more about the Settlement** at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXX.

**CLAIM FORM**
**Claims must be postmarked or submitted online no later than Month Day, 20YY.**

First Name:                              MI:      Last Name:

Mailing Address:

City:                                                                       State:      ZIP Code:

**Compensation for Out-of-Pocket Losses:** You can receive reimbursement for up to $4,000.00 for out-of-pocket monetary losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. <u>You must submit supporting documentation to be compensated for out-of-pocket losses.</u> **To file a claim for out-of-pocket losses, you must submit your claim online or return the full claim form via mail to the settlement administrator.**

In addition to compensation for Out-of-Pocket Losses, you may select **one** of the following:

☐    **Cash Fund Payment:** All Settlement Class Members are eligible to make a claim for a cash fund payment, regardless of whether they make a claim for Out-of-Pocket Losses. The *pro rata* cash fund payments will evenly distribute the net amount of the Settlement Fund to each Settlement Class Member who timely submits a valid claim.

☐    **Privacy Shield:** In lieu of a Cash Fund Payment, Settlement Class Members are eligible to make a claim for one year of data protection and monitoring services from Privacy Shield.

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.**
**Signature:**                              **Date:**

Post Meds, Inc. Data Breach Litigation
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx