# EXHIBIT 2

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

James J. Pizzirusso
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
T: 202.542.7200
E: jpizzirusso@hausfeld.com

*Interim Co-Lead Class Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| *IN RE: POST MEDS, INC. DATA BREACH LITIGATION*<br><br>This Documents Relates To:<br>All Actions | Case No. 4:23-cv-05710-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**JOINT DECLARATION OF INTERIM CO-LEAD CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

We, Gary M. Klinger and James J. Pizzirusso hereby declare as follows:

1.      We are Interim Co-Lead Class Counsel and proposed Class Counsel for Plaintiffs in the above-captioned matter. *See* Dkt. 76. We submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, we have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      After several rounds of arm's-length negotiations and settlement discussions,

including a full-day mediation session, Plaintiffs and Defendant PostMeds, Inc. d/b/a TruePill ("Defendant" or "PostMeds") entered into a Settlement Agreement and Release (the "Settlement Agreement"),[1] a true and correct copy of which is attached as **Exhibit 1** to the concurrently filed Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

3.       This declaration explains the bases for the Settlement Agreement, including the significant relief it affords the Settlement Class. It is our considered opinion that counsel for each side has fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and the proposed Settlement Agreement fairly resolves their differences.

4.       Attached to the Settlement Agreement are the following Exhibits, the form and substance of which have been agreed to by the Parties and are submitted with Plaintiffs' Motion for the Court's approval:

- **Exhibit A**: Claim Form
- **Exhibit B**: Email Notice
- **Exhibit C**: Long Form Notice
- **Exhibit D**: [Proposed] Preliminary Approval Order
- **Exhibit E**: Short Form Notice

## LITIGATION BACKGROUND

### I.    Factual & Procedural History

5.       PostMeds is a digital pharmacy that operates a nationwide network of accredited mail order and specialty pharmacies.[2] Plaintiffs and Settlement Class Members are current and former PostMeds customers whose personally identifiable and protected health information ("Private Information") was compromised and exposed due to a breach of PostMeds' internal

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement and Release. *See* **Exhibit 1**, § 2, ¶¶ 9-52.

[2] *Your digital pharmacy partner*, POSTMEDS, https://www.truepill.com/ (last accessed Sept. 6, 2024).

network (the "Data Breach").[3]

6.    On or about August 31, 2023, PostMeds "discovered that a bad actor gained access to a subset of files used for pharmacy and fulfillment services."[4] Following an investigation, PostMeds concluded that "the bad actor accessed the files between August 30, 2023 and September 1, 2023."[5] The Private Information compromised and exposed in the Data Incident included, without limitation: patient names, contact information, demographic information, dates of birth, Social Security numbers, diagnosis information, treatment information, prescription information, medical record numbers, provider names, dates of service, and health insurance information.

7.    PostMeds subsequently confirmed that 2,004,848 individuals were impacted by the Data Breach.

8.    Plaintiffs commenced the above-captioned class action in the United States District Court for the Northern District of California on November 6, 2023. The operative Consolidated Class Action Complaint (Dkt. 82) (the "Complaint") alleges the following causes of action: negligence; breach of implied contract; unjust enrichment/quasi contract; invasion of privacy — intrusion upon seclusion; violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL"); violations of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.* ("CMIA"); violations of the California Customer Records Act, Cal. Civ. Code §§ 1798.80, *et seq.* ("CRA"); invasion of privacy – Cal. Const. Art. 1, § 1; and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.* ("ICFA").

9.    Prior to filing the Complaint, Interim Co-Lead Class Counsel spent many hours researching the Data Breach, investigating potential claims against PostMeds, interviewing

---

[3] *See Notice of a Data Security Incident*, PostMeds, https://www.documentcloud.org/documents/24171378-postmedstruepill-data-breach-notice (last accessed Sept. 6, 2024) (the "Notice Letter").

[4] *Id.*

[5] *Id.*

3

potential plaintiffs, and gathering information about PostMeds' alleged conduct and its impact upon consumers. This was essential to Interim Co-Lead Class Counsel's ability to understand the nature and scope of the Data Breach, PostMeds' conduct, and potential remedies.

10.     Interim Co-Lead Class Counsel also expended significant resources researching and developing the legal claims at issue. Indeed, Interim Co-Lead Class Counsel is familiar with the instant claims through their extensive history of litigating and resolving other data breach class actions with similar factual and legal issues to the present case.

## II.     Settlement Negotiations

11.     The Settlement Agreement is the product of intensive, arm's-length negotiations, conducted between experienced counsel on both sides, over the course of many months. The Parties' negotiations were principled, with each side basing their offers and counteroffers on an analysis of information and documents exchanged through informal discovery, the facts and law applicable to the Parties' respective claims and defenses, and the potential recovery available at trial.

12.     Before engaging in any settlement discussions, Plaintiffs submitted informal discovery requests to PostMeds pursuant to Federal Rule of Evidence 408 and California Evidence Code § 1152, requesting, *inter alia*, detailed information about the Data Breach, including PostMeds' investigation and assessment of the Data Breach, and documents sufficient to identify any remediation or corrective measures PostMeds took in response to the Data Breach.

13.     In response, PostMeds provided Plaintiffs with detailed information about the Class, including a breakdown by State of notices PostMeds sent to individuals impacted by the Data Breach,[6] and a forensic report prepared by a third-party cybersecurity firm that performed an investigation into the nature, causes, and impacts of the Data Breach. PostMeds provided further details about corrective measures and security enhancements implemented in response to the Data

---

[6] Consistent with their notice requirements under law, PostMeds confirmed to Plaintiffs and Interim Class Counsel that they notified the individuals whose Private Information was impacted in the Data Breach, including 315,000 residents of California and 69,000 residents of Illinois.

Breach, a copy of PostMeds' cyber insurance policy, and a transcript of negotiations between PostMeds and the threat actor that perpetrated the Data Breach. PostMeds also provided assurances, supported by the signed declaration of its Chief Executive Officer, that the Private Information compromised and exfiltrated in the Data Breach was deleted from the threat actor's servers.

14.     This work, combined with Interim Co-Lead Class Counsel's pre-suit investigation, provided Interim Co-Lead Class Counsel with sufficient knowledge to understand the strengths and weaknesses of Plaintiffs' claims and to fully evaluate the risks and uncertainties of future litigation. Before any settlement terms were negotiated, Interim Co-Lead Class Counsel therefore had a thorough understanding of the composition of the Settlement Class, the nature of PostMeds' anticipated defenses on the merits, the likely nature of arguments that would be advanced at class certification, summary judgment, and trial, and the complex technical issues surrounding the claims and defenses in this matter.

15.     Prior to mediation, the Parties also exchanged comprehensive mediation briefs and other pre-mediation materials.

16.     On May 3, 2024, the Parties engaged in a full-day private mediation with Jill R. Sperber of Judicate West, an experienced and highly talented mediator. The Parties were represented by experienced counsel, engaged in an extensive evaluation and discussion of the relevant facts and law, and carefully considered the risks and uncertainties of continued litigation of this matter, and all other factors bearing on the merits of settlement.

17.     While settlement negotiations were professional throughout, they were marked by significant factual and legal disputes impacting the value of the case. At all times the settlement negotiations were conducted at arm's-length, free of collusion of any kind. Attorneys' fees were not discussed in any manner during the mediation, with the Parties only negotiating the total amount of the non-reversionary Settlement Fund from which any award of attorneys' fees would be made.

18.     The Parties were unable to reach a settlement at the mediation but continued to

work toward resolving the litigation through extensive settlement negotiations over the following four months. With Mediator Sperber's assistance and guidance, including a mediator's proposal, the Parties were ultimately able to reach a resolution.

19.    The Parties reported to the Court on June 10, 2024 that they were working on drafting a term sheet memorializing a settlement agreement (Dkt. 89, ¶ 6), and they reached an understanding in principle regarding certain terms on June 25, 2024.

20.    The Parties also collaborated on the logistics and substance of the Notice Plan. Interim Co-Lead Class Counsel spent hours obtaining and negotiating competitive bids from three (3) well-established, experienced, and highly regarded class action administration firms—Epiq Class Action & Claims Solutions, Inc. ("Epiq"), Kroll Inc., and Angeion Group.

21.    Following careful review of the competing bids, Interim Co-Lead Class Counsel determined that Epiq's bid was most favorable to the Class. Epiq has vast legal administration experience, with a trusted and proven track record of supporting hundreds of class action administrations. A chart detailing Interim Co-Lead Class Counsel's history of engagements with Epiq over the last two years is attached hereto as **Exhibit A**.

22.    Interim Co-Lead Class Counsel negotiated with Epiq to secure the current bid price, and the Parties agreed that Epiq would serve as the Settlement Administrator.

23.    The Notice and Administrative Expenses are estimated to be $498,547.00. This estimate is based on the Notice Plan set forth in the Declaration of Cameron R. Azari (the "Azari Decl."), filed concurrently herewith. The various methods of notice proposed by Epiq and considered by Interim Co-Lead Class Counsel included direct mail, publication notice, and e-mail. Payment methods considered included checks and electronic payments. Interim Co-Lead Class Counsel believe that Epiq's current Notice Plan strikes a proper balance of ensuring that the Class receives sufficient notice and can easily make claims, while also ensuring that the notice costs do not disproportionately dilute the settlement fund. The estimated costs are reasonable and fair given the size of the Class and claims in this case.

24.    Over the next several months, the Parties diligently negotiated, drafted, and

1    finalized the Settlement Agreement and notice forms, and came to an agreement on the claims

2    process.

3        25.    The release in the Settlement Agreement is tailored to the claims that have been

4    pleaded or could have been pleaded in this case. As part of settlement negotiations, Interim Co-

5    Lead Class Counsel also received assurances that PostMeds implemented a number of business

6    practice changes and security enhancements to prevent future data security incidents.

7        26.    The Settlement Agreement was finalized and signed by the Parties in September

8    2024.

9                           **COUNSEL'S RECOMMENDATION**

10        27.    We strongly believe, in consideration of all circumstances and after serious arm's-

11    length settlement negotiations with PostMeds, that the proposed Settlement Agreement is fair,

12    reasonable, and adequate and is in the best interests of the Settlement Class.

13        28.    Our collective years of experience representing individuals in complex class

14    actions—including data breach class actions—informed Plaintiffs' settlement position. While we

15    believe in the merits of the claims brought in this case, we are also aware that a successful outcome

16    is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the

17    attendant risks of drawn-out appeals and the potential for no recovery at all. Based upon our

18    collective substantial experience, it is our opinion that the proposed settlement of this matter

19    provides significant relief to the Settlement Class and warrants the Court's preliminary approval.

20        29.    The Settlement Agreement's terms are designed to address the harms and potential

21    harms caused by the Data Breach, by providing cash benefits, credit monitoring, and

22    reimbursement of economic and non-economic losses. The Settlement Agreement provides for a

23    non-reversionary cash fund of $7,500,000.00. **Exhibit 1**, § II, ¶ 48. All Settlement Class Members

24    may submit claims for compensation for out-of-pocket losses and either a cash fund payment or

25    one year of data protection and monitoring services. *Id.* § IV, ¶ 58. Settlement Class Members may

26    receive compensation of up to $4,000.00 for documented out-of-pocket monetary losses incurred

27    as a result of the Data Breach. *Id.* ¶ 58(i). And regardless of whether they make a claim for out-of-

28

pocket losses, all Settlement Class Members are eligible to make a claim for a cash payment, and *pro rata* cash payments will evenly distribute the net amount of the Settlement Fund. *Id.* ¶ 58(ii). In lieu of a cash payment, Settlement Class Members may make a claim for one year of data protection and monitoring services. *Id.* ¶ 58(iii).

30.    This result is particularly favorable given the risks and uncertainties of continued litigation. Plaintiffs face serious risks prevailing on the merits, including proving causation, as well as risks at class certification, trial, and appeal. A settlement today not only avoids these risks of continued litigation, but also provides benefits to Settlement Class Members now, as opposed to after years of risky litigation.

31.    The Settlement Agreement is well within the range of other data breach settlements in the relief that it provides. A chart of comparable settlement outcomes is attached hereto as **Exhibit B**.

32.    Based on Interim Co-Lead Class Counsel's prior experience in similar cases, including the claims rates in those cases, the relief obtained here should be more than sufficient to recompense valid individual claims filed by Settlement Class Members. *See id.* According to the Federal Trade Commission's Identity Theft Survey Report, 85% of identity theft victims report misuse of existing accounts, and 17% of victims report new accounts being opened in their name.[7] For those identity theft victims who experienced misuse of existing accounts, the average out-of-pocket loss was $500, while the average loss for improperly opened accounts was $1,200.[8] Moreover, only 6% of those who experienced improper use of existing accounts and only 16% of those that had accounts opened in their name incurred out-of-pocket losses of $1,000 or more.[9] Thus, the $4,000.00 cap for out-of-pocket expenses, combined with the *pro rata* cash payments provided for in the Settlement Agreement, are more than likely sufficient to make each

---

[7] *Federal Trade Commission—Identity Theft Survey Report*, SYNOVATE (Sept. 2003), https://www.ftc.gov/sites/default/files/documents/reports/federal-trade-commission-identity-theft-program/synovatereport.pdf.

[8] *Id.*

[9] *Id.*

Settlement Class Member whole. While Plaintiffs acknowledge there could be individuals who would be able to achieve greater recovery if this matter went to trial, the overwhelming number of eligible Settlement Class Members will have the opportunity to be made whole by the Settlement Agreement.

33.     Additionally, the Notice Plan contemplated by the Settlement Agreement provides the best practicable method to reach Settlement Class Members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters. *See* **Exhibit B**. Interim Co-Lead Class Counsel anticipates a claims rate of approximately 2% to 5% in this case, based on the realized claims rates of recent data breach class actions. *See id.*

34.     Considering the relative benefits of settlement at this time, on the terms offered in the Settlement Agreement, in comparison to the risk of a less favorable outcome—including the considerable risk, expense, and delay involved in obtaining an order certifying a consumer class action such as this one, and the prospects of prevailing on dispositive motions, trial, and appeal—the proposed Settlement Agreement is fair, reasonable, and adequate. It therefore meets the standards for preliminary approval.

35.     Interim Co-Lead Class Counsel negotiated the Settlement Agreement to comply in all respects with the relevant case law and the Federal Rules of Civil Procedure. Having worked on behalf of the putative Settlement Class since the Data Breach was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, Interim Co-Lead Class Counsel endorse the Settlement Agreement without reservation.

36.     Interim Co-Lead Class Counsel therefore respectfully request that the Court grant preliminary approval of the Settlement Agreement and enter the Proposed Preliminary Approval Order filed concurrently herewith, so that notice can be issued to the Settlement Class.

## COUNSEL'S QUALIFICATIONS

37.     The work done by Interim Co-Lead Class Counsel to advance this litigation weighs in favor of their appointment as Class Counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

38.     Interim Co-Lead Class Counsel have prosecuted this litigation with skill and zeal, including by conducting substantial pre-suit investigation, working with other Plaintiffs' counsel to consolidate these cases, engaging in significant informal discovery, and successfully mediating the case. There is no reason to doubt proposed Class Counsel's adequacy.

**A.  Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC**

39.     Gary Klinger is a Senior Partner at the international plaintiffs' class action law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[10] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the U.S. Supreme Court.[11] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union.

40.     As a Senior Partner at Milberg, Mr. Klinger has extensive experience serving as lead or co-lead counsel in numerous privacy class actions. His privacy practice includes: data breaches, ransomware attacks, unlawful collection and/or disclosure of personal information, and violations of privacy statutes and/or laws, such as the Illinois Biometric Information Privacy Act, Illinois Genetic Information Privacy Act, California Consumer Privacy Act, California Medical Information Act, Telephone Consumer Protection Act, and General Data Protection Regulation.

41.     Mr. Klinger was recognized publicly as a "trail blazer" in the privacy space. He led the way in bringing privacy class actions arising from the use of tracking technologies such as the "Meta Pixel." Mr. Klinger filed the first-ever privacy case in the healthcare setting for unlawful

---

[10] *See, e.g.*, *In re Tyco Int'l Ltd., Securities Litig.*, MDL 1335 (D. N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D. N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[11] *See* https://milberg.com/precedent-setting-decisions/page/3/.

disclosure of private health information (*Quinto v. The Regents of the University of California*, Case No. 22-cv-012970 (N.D. Cal.)). In the wake of the *Quinto* lawsuit, the Department of Health and Human Services (DHHS) issued a bulletin on the requirements under HIPAA for online tracking technologies, providing that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of ePHI to tracking technology vendors or any other violations of the HIPAA Rules." Since Mr. Klinger filed the *Quinto* lawsuit, dozens of similar lawsuits have been filed against healthcare providers by plaintiffs' class action firms across the country, numerous investigative articles have been published, and Congress even opened an inquiry into the issue.

42.     Mr. Klinger also led the way bringing similar lawsuits in connection with the use of tracking technologies under the Video Privacy Protection Act ("VPPA") (*Harris v. Pub. Broad. Serv.*, 662 F. Supp. 3d 1327, 1329 (N.D. Ga. 2023); *Belozerov v. Gannett Co.*, 2022 WL 17832185 (D. Mass. Dec. 20, 2022)). His work in developing favorable case law paved the way for dozens of similar lawsuits across country.

43.     Mr. Klinger also represents consumers in class actions and mass arbitration for claims involving false advertising, defective products, consumer fraud, violations of antitrust laws, and other torts.

44.     Mr. Klinger has been appointed by state and federal courts to act as Class Counsel for millions of consumers and has recovered hundreds of millions of dollars for consumers throughout the country. Presently, he is lead or co-lead counsel in more than thirty (30) active class action lawsuits pending in state and federal courts across the country.

45.     Mr. Klinger was recently recognized as one of the 2024 Lawdragon 500 Leading Litigators in America. He was also recognized by Chambers as one of the leading attorneys in the United States for Privacy and Data Security Litigation in 2024.

46.     Mr. Klinger has settled, on a class-wide basis, more than seventy-five class actions involving privacy violations where he served as lead or co-lead counsel, and he recovered hundreds

1  of millions of dollars in the process. He is presently litigating more than one hundred class action

2  cases across the country involving privacy violations.

3        47.    For example, in *Parris, et al v. Meta Platforms, Inc.*, Case No. 2023LA000672 (Ill.

4  18th Jud. Cir. Ct., DuPage Cnty.), Mr. Klinger negotiated and won final approval for a $64.25

5  million settlement on behalf of Illinois Instagram users for biometric privacy claims. This

6  landmark settlement is the third largest biometric privacy settlement in U.S. history.

7        48.    In *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27,

8  2021), Mr. Klinger, as appointed co-lead counsel, obtained final approval of a $17.6 million dollar

9  settlement to resolve data breach class action claims against Kemper Corporation in a case

10  involving more than six million class members.

11        49.    Mr. Klinger obtained final approval for an $11 million class-wide settlement in a

12  major privacy class action involving more than four million consumers in *Heath v. Insurance*

13  *Techs. Corp.*, No. 21-cv-01444 (N.D. Tex.).

14        50.    Mr. Klinger was appointed co-lead counsel in the privacy case *In re: Herff Jones*

15  *Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involved

16  approximately one million class members and settled on a class-wide basis for $4.35 million.

17        51.    Mr. Klinger served as co-lead counsel in the consolidated privacy litigation styled,

18  *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.), which involved

19  more than 2.4 million class members and settled on a class-wide basis for $4.75 million.

20        52.    Mr. Klinger currently serves as appointed co-lead counsel representing more than

21  three million class members in another major privacy class action, *In re Arthur J. Gallagher Data*

22  *Breach Litig.*, No. 1:21-cv-04056 (N.D. Ill.). That case recently settled for a $21 million non-

23  reversionary common fund.

24        53.    It is noteworthy that, just in the time since 2020 through the present, Mr. Klinger

25  (either individually, or as a member of the law firms in which he has been a partner during that

26  timeframe) has been appointed class counsel in over 100 data breach and/or data privacy cases.

27

28

54.     Mr. Klinger has successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc.,* No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. June 25, 2018), he certified, over objection, a nationwide privacy class action involving more than one million class members.

55.     In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for having achieved "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

56.     In addition to concentrating his practice on class action litigation involving consumer, privacy, and product liability matters, Mr. Klinger also makes substantial efforts to stay apprised of the current law on these issues. In recent years, Mr. Klinger has attended various legal training seminars and conferences, such as the dri™ conference for Class Actions, the Consumer Rights Litigation Conference and Class Action Symposium, as well as various seminars offered by Strafford on class action issues.

57.     Mr. Klinger is a Certified Information Privacy Professional (CIPP/US) and a member of the International Association of Privacy Professionals. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law.

58.     Mr. Klinger graduated from the University of Illinois at Urbana-Champaign in 2007 (B.A. Economics), and from the University of Illinois College of Law in 2010 (J.D., cum laude). While at the University of Illinois College of Law, Mr. Klinger was a member of, and ultimately appointed as the Executive Editor for, the Illinois Business Law Journal. His published work includes: *The U.S. Financial Crisis: Is Legislative Action the Right Approach?*, Ill. Bus. L. J. (Mar. 2, 2009).

59.     Mr. Klinger became licensed to practice law in the State of Illinois in 2010 and is a member of the Trial Bar for the Northern District of Illinois, as well as the U.S. Bankruptcy Court

for the Northern District of Illinois. Additionally, he is admitted to practice in federal courts across the country, including, but not limited to, the U.S. District Courts for the District of Colorado, Central District of Illinois, Northern District of Illinois, Northern District of Indiana, Southern District of Indiana, Eastern District of Michigan, Eastern District of Texas, and Eastern District of Wisconsin.

60.    Milberg's Firm Resume is attached hereto as **Exhibit C**.

**B. James J. Pizzirusso of Hausfeld LLP**

61.    James J. Pizzirusso is a partner at Hausfeld, LLP ("Hausfeld"). According to the *Global Competition Review*, Hausfeld "is clearly recognized as one of the best plaintiffs' firms in the country." The firm has recovered tens of billions of dollars for its clients in trials and settlements, and courts have appointed the firm's attorneys to leadership positions in hundreds of cutting-edge class actions. As a founding member of Hausfeld and Chair of the firm's Data Breach practice group, Mr. Pizzirusso has achieved national renown and unmatched success over the past decade as one of the country's preeminent cybersecurity attorneys.

62.    Given his extensive expertise and accomplishments in this field, starting with the *In re: Target* data breach MDL in 2014, over 27 courts (including 9 MDLs) have appointed Mr. Pizzirusso personally to leadership positions in data breach class actions,[12] and he has effectively directed and worked with hundreds of lawyers in those cases.

63.    Mr. Pizzirusso negotiated the two largest data breach settlements ever reached. In *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL No. 1:17-md-2800-TWT (N.D. Ga.), where he was appointed to the PSC and Settlement Committee, Mr. Pizzirusso was instrumental in putting together the largest ever data breach settlement: a $500 million cash settlement with $1 billion in upgraded data security. Mr. Pizzirusso was also appointed co-lead counsel in *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.), where he helped reach a settlement valued at $500 million (the second largest data breach settlement) for the 70

---

[12] *See* full biographical information here: https://www.hausfeld.com/en-us/who-we-are/james-j-pizzirusso/.

14

million victims of that data breach. He was also appointed as a co-lead in a follow up data breach case against T-Mobile. *See In re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, 4:23-md-03073-BCW (W.D. Mo.).

64.    Mr. Pizzirusso was co-lead counsel in *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D. Md.), a breach impacting over 300 million customers. In that case, Mr. Pizzirusso became one of the few lawyers to litigate and certify a data breach case as a class action (his second). *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128 (D. Md. 2022) (subsequent history omitted).

65.    Federal courts have appointed Mr. Pizzirusso to leadership in numerous other data breach and privacy cases across the country, many of which he has successfully resolved, including:

- *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, MDL No. 19-md-2904 (D.N.J.) (Steering Committee) ($6.3 million partial settlement currently pending)

- *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, MDL No. 3:15-md-2633-SI (D. Or.) (Executive Leadership Committee) ($74 million settlement)

- *In re Target Corporation Customer Data Security Breach Litig.*, MDL No. 14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions, contested nationwide class certification granted, $60 million settlement approved)

- *In re: Arby's Rest. Group, Inc. Data Security Litig.*, 1:17-cv-514-AT (N.D. Ga.) (Co-Lead) (~$5 million settlement)

- *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, 1:15-cv-02228 (N.D. Ill.) (Co-Lead) (~$18.5 million settlement)

- *First Choice Federal Credit Union v. Wendy's*, 2:16-cv-00506 (W.D. Pa.) (Plaintiffs' Executive Committee) ($50 million settlement)

- *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, MDL No. 14-md-02583 (N.D. Ga.) (Chair of PSC) (~$35 million settlement)

- *Doe v. Highmark, Inc.*, No. 2:23-cv-00350-NR (W.D. Pa.) (PSC) (pending)

- *In re LastPass Data Security Incident Litig.*, 1:22-cv-12047-PBS (D. Mass.) (Co-Chair of PSC) (pending)

- *Whelan v. Webster Fin. Corp.*, 3:23-cv-00567 (D. Conn.) (Co-Lead) (pending)

- *In Re: Overby-Seawell Company Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03056 (N.D. Ga.) (PSC) (pending)

- *Kolstedt v. TMX Fin. Corp. Serv., Inc.*, 4:23-cv-00076 (S.D. Ga.) (PSC) (pending)

- *In re Enzo Biochem Data Sec. Litig.*, 2;23-cv-04282 (E.D.N.Y.) (Co-Lead) (pending)

66.     Altogether, Mr. Pizzirusso's data breach settlements total well over $2 billion.

67.     In 2024, Chambers and Partners ranked Mr. Pizzirusso (for the fourth year in a row) as a top lawyer in "Privacy and Data Security: Litigation." It described Mr. Pizzirusso as "a highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions." For his work in data breach and privacy cases, The National Law Journal named Mr. Pizzirusso as one of its "2023 Class Action/Mass Tort Trailblazers" and as a "Cybersecurity Trailblazer" in 2017, one of only two plaintiffs' lawyers in the country to achieve that distinction. SuperLawyers has recognized Mr. Pizzirusso as a "Top Rated Class Action & Mass Torts Attorney" in Washington, DC since 2016 and Lawdragon has named him as one of 500 Leading Plaintiff Consumer Lawyers in the country since 2019.

68.     Hausfeld is one of the largest plaintiffs' class action firms in the world, with over 175 attorneys across the globe, and is the only plaintiffs' firm in the country ranked by Legal500 in Cyber Law. Hausfeld is also the only Plaintiffs' firm in the country to be receive a Band 1 ranking (for the third year in a row) by Chambers in the category of Privacy & Data Security-Litigation Nationwide.

69.     Hausfeld's Firm Resume is attached hereto as **Exhibit D**.

## CLASS REPRESENTATIVES' QUALIFICATIONS

70.     The Settlement Agreement would not have been possible had Plaintiffs not stepped forward to represent the interests of the Settlement Class. These proposed Class Representatives

have been consistently involved in the litigation, providing valuable insight and facts necessary for Interim Co-Lead Class Counsel to effectively litigate this action, perform discovery, and negotiate this Settlement Agreement.

71.    Plaintiffs regularly communicated with Interim Co-Lead Class Counsel regarding various issues pertaining to this case and will continue to do so until the Settlement Agreement is approved, and its administration completed.

## CURRENT LODESTAR OF COUNSEL

72.    While Interim Co-Lead Class Counsel are still collecting all counsel's lodestar and have yet to audit the time to ensure efficiency, all Plaintiffs' Counsel's lodestar currently totals approximately $400,000.00, and Interim Co-Lead Class Counsel anticipate it will continue to rise as the settlement progresses.

73.    Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed on September 13, 2024

*Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

James J. Pizzirusso
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
T: 202.542.7200
E: jpizzirusso@hausfeld.com

*Interim Co-Lead Class Counsel for Plaintiffs*

# EXHIBIT A

| Milberg Coleman Bryson | | | | |
|---|---|---|---|---|
| **Court** | **Case Number** | **Case Name** | **Case Type** | **Last Case Update** |
| US District Court, Northern District of Illinois | 1:23cv3999 | In re Mondelez Data Breach Litigation | Consumer - Data breach | 9/10/2024 |
| US District Court, Northern District of California | 3:23cv1131 | Prutsman v. Nonstop Administration and Insurance Services, Inc. | Consumer - Data breach | 9/9/2024 |
| US District Court, Central District of California | 2:23cv1803 | In re Cerebral, Inc. Privacy Practices | Consumer - Privacy | 9/8/2024 |
| US District Court, Middle District of Tennessee | 3:23cv684 | In re HCA Healthcare, Inc. Data Security Litigation | Consumer - Data breach | 9/6/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Master Record) | Consumer - Data breach | 9/5/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Bank of Canton Settlement) | Consumer - Data breach | 9/5/2024 |
| US District Court, Eastern District of New York | 2:24-cv-02990 | Mack v. FCA US LLC | Consumer - Product Liability Au | 9/5/2024 |
| US District Court, Northern District of Illinois | 1:19cv5045 | O'Connor v. Ford Motor Company (Transmission Defect) | Consumer - Product Liability Au | 9/5/2024 |
| US District Court, Eastern District of Missouri | 4:24cv29 | Rekoske v. Navvis & Company, LLC | Consumer - Data breach | 9/4/2024 |
| US District Court, Western District of Pennsylvania | 3:23cv110 | In re Conemaugh Pixel Litigation | Consumer - Privacy | 9/3/2024 |
| US District Court, Middle District of Georgia | 5:23cv193 | Wang v. Corporation of Mercer University | Consumer - Data breach | 8/27/2024 |
| US District Court, Northern District of Illinois | 1:22cv177 | Dang v. Walgreens Co. | Consumer - False Ad | 8/27/2024 |
| US District Court, Northern District of California | 3:22cv6987 | Marschke v. YouTube, LLC | Consumer - Privacy | 8/22/2024 |
| US District Court, District of Connecticut | 3:22cv1233 | Jones v. Sturm, Ruger & Co., Inc. | Consumer - Data breach | 8/22/2024 |
| US District Court, District of Minnesota | 0:22cv1576 | Stephens v. Target Corporation | Consumer - False Ad | 8/20/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Arietis - NorthStar Settlement) | Consumer - Data breach | 8/20/2024 |
| US District Court, Northern District of Illinois | 1:18cv864 | In re Dealer Management Systems Antitrust Litigation (CDK Global Settlement) | Antitrust - Indirect | 8/16/2024 |
| US District Court, District of Alaska | 3:23cv242 | Byers v. OrthoAlaska, LLC | Consumer - Data breach | 8/16/2024 |
| US District Court, Eastern District of New York | 2:24cv387 | Cruz-Bermudez v. Henry Schein, Inc. | Consumer - Data breach | 8/16/2024 |
| US District Court, District of Massachusetts | 1:22cv10901 | Biscan v. Shields Health Care Group, Inc. | Consumer - Data breach | 8/16/2024 |
| US District Court, Northern District of California | 4:23cv5710 | In re Post Meds Inc. Data Breach Litigation | Consumer - Data breach | 8/15/2024 |
| US District Court, District of Massachusetts | 1:24cv10797 | Isaac v. Greylock McKinnon Associates, Inc.. | Consumer - Data breach | 8/13/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (National Student Clearinghouse Settle | Consumer - Data breach | 8/7/2024 |
| US District Court for the Eastern District of Virginia | 3:23cv512 | Dolan v. Ford Motor Company | Consumer - Product Liability Au | 8/1/2024 |
| US District Court, Northern District of Georgia | 2:20cv137 | Carder v. Graco Children's Products, Inc. | Consumer - False Ad | 7/31/2024 |
| US District Court, Southern District of New York | 1:21cv2923 | Martin v. Brighthouse Life Insurance Company | Consumer - Insurance | 7/30/2024 |
| US District Court, Middle District of Florida | 3:23cv1508 | In re LoanCare Data Security Breach Litigation | Consumer - Data breach | 7/29/2024 |
| US District Court, Northern District of Illinois | 1:22cv2863 | Harris v. Supervalu, Inc. | Consumer - False Ad | 7/23/2024 |
| US District Court, Northern District of Illinois | 1:22cv7174 | Sloan v. Anker Technology Corporation | Consumer - Privacy | 7/22/2024 |
| US District Court, Northern District of California | 3:23cv4651 | Toy v. Life Line Screening of America Ltd | Consumer - Privacy | 7/18/2024 |
| US District Court, District of Massachusetts | 1:23cv12513 | Rose (Meyers) v. BHI Energy Services, LLC | Consumer - Data breach | 7/15/2024 |
| US District Court, Central District of California | 8:24cv136 | In re LoanDepot Data Breach Litigation | Consumer - Data breach | 7/15/2024 |
| US District Court, Middle District of North Carolina | 1:24cv238 | Brantmeier v. National Collegiate Athletic Association | Antitrust | 7/10/2024 |
| US District Court, Eastern District of North Carolina | 5:22cv182 | Henson v. Progressive Premier Insurance Company of Illinois (CC DENIED) | Consumer - Insurance | 6/10/2024 |
| US District Court, Northern District of Georgia | 1:22cv3072 | In re Equifax Fair Credit Reporting Act (FCRA) Litigation | FCRA | 5/20/2024 |
| US District Court, Southern District of Florida | 1:22cv20955 | In re Lakeview Loan Servicing Data Breach Litigation (HVC) | Consumer - Data breach | 5/20/2024 |
| US District Court, Eastern District of New York | 1:22cv4915 | Kramer v. Vice Media LLC | Consumer - Privacy | 5/20/2024 |
| US District Court, District of Colorado | 1:23cv2565 | Lipps v. LCS Financial Services Corporation | Consumer - Data breach | 5/17/2024 |
| US District Court, Eastern District of California | 1:23cv354 | Henenfent v. LG Electronics USA, Inc. | Consumer - Product Liability | 5/17/2024 |
| US District Court, Middle District of Florida | 8:24cv463 | Goebel v. Big Brothers Big Sisters of America Corporation | Consumer - Data breach | 5/8/2024 |
| US District Court, Eastern District of Michigan | 2:22cv11385 | In re Flagstar December 2021 Data Security Incident Litigation (Angus v. Flagstar Bank, Fsb) | Consumer - Data breach | 5/7/2024 |
| US District Court, Southern District of Texas | 4:22cv3740 | Higgs v. Oakbend Medical Center | Consumer - Data breach | 5/7/2024 |
| US District Court, Western District of Washington | 2:22cv1282 | In re Zillow Group, Inc. Session Replay Software Litigation | Consumer - Privacy | 5/7/2024 |
| US District Court, District of Arizona | 2:22cv1061 | Johnson v. Yuma Regional Medical Center | Consumer - Data breach | 5/7/2024 |
| US District Court, Northern District of New York | 5:21cv390 | Diaz v. Ancient Brands, LLC | Consumer - False Ad | 5/6/2024 |
| US District Court, Southern District of New York | 1:21cv10665 | Onaka v. Shiseido Americas Corporation (PFAS) | Consumer - False Ad | 5/6/2024 |
| US District Court, District of Massachusetts | 1:23cv10829 | Mccabe v. Ford Motor Company | Consumer - Product Liability Au | 5/6/2024 |
| US District Court, Southern District of New York | 1:23cv6030 | Collaza v. Johnson & Johnson Consumer Inc. | Consumer - False Ad | 5/6/2024 |
| US District Court, Southern District of California | 3:21cv137 | Corbett v. PharmaCare U.S., Inc. (NOTICE) | Consumer - False Ad | 5/2/2024 |
| US District Court, Central District of California | 2:20cv9760 | Jason Rothman v. Equinox Holdings, Inc. | Consumer | 4/18/2024 |
| US District Court, District of New Jersey | 2:22cv1757 | In re American Financial Resources, Inc. Data Breach Litigation | Consumer - Data breach | 4/13/2024 |
| US District Court, Eastern District of New York | 2:23cv4282 | In re Enzo Biochem Data Breach Litigation | Consumer - Data breach | 4/10/2024 |

| Milberg Coleman Bryson | | | | |
|---|---|---|---|---|
| **Court** | **Case Number** | **Case Name** | **Case Type** | **Last Case Update** |
| US District Court, District of Massachusetts | 1:23cv10575 | Smith v. Zoll Medical Corporation | Consumer - Data breach | 4/10/2024 |
| US District Court, Central District of Illinois | 3:21cv3133 | Cruz v. M.A.C. Cosmetics Inc. | Consumer - Privacy | 4/10/2024 |
| US District Court, Western District of Kentucky | 3:23cv297 | In re PharMerica Data Breach Litigation | Consumer - Data breach | 4/10/2024 |
| US District Court, Northern District of California | 3:23cv1033 | In re Betterhelp, Inc. Data Disclosure Cases | Consumer - Privacy | 4/10/2024 |
| US District Court, Western District of Arkansas | 2:23cv2002 | Rodriguez v. Mena Hospital Commission | Consumer - Data breach | 4/10/2024 |
| US District Court, Northern District of Illinois | 1:23cv1298 | Bohen v. Conagra Brands, Inc. | Consumer - False Ad | 4/10/2024 |
| US District Court, Eastern District of New York | 1:22cv3195 | Orrico v. Nordic Naturals, Inc. | Consumer - False Ad | 4/10/2024 |
| US District Court, Northern District of Illinois | 1:22cv4148 | In re Recalled Abbott Infant Formula Products Liability Litigation (MDL3037) | Consumer - Product Liability | 4/10/2024 |
| US District Court, Middle District of Florida | 8:23cv588 | Cyr v. Orlando Health, Inc. | Consumer - Privacy | 4/10/2024 |
| US District Court, Northern District of Illinois | 1:23cv1297 | Sanchez v. Wal-Mart, Inc. | Consumer - False Ad | 4/10/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Website Development ONLY) | Other | 4/9/2024 |
| US District Court, Eastern District of Tennessee, Chattanooga Divi | 1:23cv168 | Cahill v. Memorial Heart Institute, LLC | Consumer - Data breach | 4/7/2024 |
| US District Court, Northern District of Illinois | 1:22cv6364 | Nelson v. John Paul Mitchell Systems (Paul Mitchell / Benzene) | Consumer - False Ad | 4/7/2024 |
| US District Court, Central District of California | 2:19cv10227 | Michelene Colette v. CV Sciences, Inc. | Consumer - False Ad | 4/5/2024 |
| US District Court, Eastern District of Wisconsin | 2:22cv882 | Dusterhoft v. Onetouchpoint Inc | Consumer - Data breach | 4/5/2024 |
| US District Court, District of Connecticut | 3:24cv127 | In re Planet Home Lending, LLC Data Breach (Mathis) | Consumer - Data breach | 4/4/2024 |
| US District Court, Southern District of New York | 1:21cv1217 | In re Nurture Baby Food Litigation | Consumer - False Ad | 4/3/2024 |
| US District Court, Southern District of New York | 1:22cv6319 | Lamb v. Forbes Media LLC | Consumer - Privacy | 4/3/2024 |
| US District Court, District of South Carolina | 3:20mn2972 | In re Blackbaud Inc Customer Data Security Breach Litigation (HVC) | Consumer - Data breach | 4/3/2024 |
| 17th Judicial Circuit Court, State of Florida, Broward County | TBD | Peters v. Buzzfeed, Inc. | Consumer - Privacy | 3/22/2024 |
| US District Court, Eastern District of Texas | 4:21cv178 | Murphy v. Toyota Motor Corporation (HVC) | Consumer - Product Liability Au | 3/11/2024 |
| US District Court, Northern District of Illinois | 1:22cv6569 | Hirsch v. L'Oreal Usa, Inc. (Redken / Benzene) | Consumer - False Ad | 3/7/2024 |
| US District Court, Eastern District of Wisconsin | 2:23md3064 | Wagner v. Harley-Davidson Motor Company Group LLC (MDL3064) | Consumer - False Ad | 3/7/2024 |
| US District Court, Western District of Virginia | 5:22cv35 | Prince v. Johnson Health Tech Trading, Inc. | Consumer - False Ad | 3/1/2024 |
| US District Court, Middle District of Florida | 2:23cv188 | Mack v. Lee Memorial Health System | Consumer - Privacy | 2/29/2024 |
| US District Court, District of Utah | 2:22cv439 | Johnson v. Paparazzi, LLC | Consumer - False Ad | 2/15/2024 |
| | CV20220490 | Jane Doe v. Lima Memorial Hospital | Consumer - Privacy | 2/13/2024 |
| US District Court, District of New Jersey | 1:22cv6558 | In re U.S. Vision Data Breach Litigation (Nationwide Optometry)(Torres) | Consumer - Data breach | 1/18/2024 |
| Circuit Court of Cook County, Illinois | 2023-CH-00895 | Mikulecky, Forbes v. Lutheran Social Services of Illinois | Consumer - Data breach | 1/5/2024 |
| US District Court, Northern District of California | 3:21cv3361 | Caccuri v. Sony Interactive Entertainment LLC | Antitrust | 12/29/2023 |
| US District Court, District of Delaware | 1:23cv480 | Medina v. Albertsons Companies, Inc. | Consumer - Data breach | 12/21/2023 |
| US District Court, Central District of California | 8:17cv1079 | Dennis MacDougall v. American Honda Motor Co., Inc (NOTICE) | Consumer - Product Liability Au | 12/6/2023 |
| US District Court, Northern District of Illinois | 1:15cv9882 | Elward v. Electrolux Home Products, Inc. (CC DENIED) | Consumer - Product Liability | 12/5/2023 |
| US District Court, Eastern District of Wisconsin | 2:23md3078 | In re Generac Solar Power Systems Marketing, Sales Practices and Products Liability Litigatio | Consumer - Product Liability | 12/5/2023 |
| US District Court, Northern District of California | 4:21cv913 | In re Plum Baby Food Litigation | Consumer - False Ad | 12/4/2023 |
| US District Court, Southern District of California | 3:22cv1954 | Wright v. Ulta Salon, Cosmetics & Fragrance, Inc. | Consumer - Privacy | 11/30/2023 |
| US District Court, Northern District of California | 4:23cv229 | Kaplan v. The Athletic Media Company | Consumer | 11/30/2023 |
| US District Court, Middle District of North Carolina | 1:21cv839 | Taylor v. Carrier Global Corporation | Consumer - False Ad | 11/30/2023 |
| US District Court, Southern District of California | 3:22cv1492 | Kauffman v. Papa John's International, Inc. | Consumer - Privacy | 11/30/2023 |
| US District Court, Southern District of California | 3:23cv61 | In re Trader Joe's Company Dark Chocolate Litigation | Consumer - False Ad | 11/30/2023 |
| US District Court, Western District of North Carolina | 3:21cv333 | Guerrero v. Bank Of America N.A. | Consumer - Financial | 11/29/2023 |
| District Court of Dallas County, Texas 134th Judicial District | DC-23-01733 | Patterson v. DPP II LLC | Consumer - Data breach | 10/25/2023 |
| | | Project Wizard - Steam PC Gaming Antitrust (UK) | Antitrust | 10/23/2023 |
| US District Court, District of Arizona | 2:22cv1261 | Medina v. PracticeMax Incorporated | Consumer - Data breach | 10/23/2023 |
| US District Court, Eastern District of Michigan | 2:22cv12908 | Braggs v. Wright & Filippis, Inc. | Consumer - Data breach | 9/29/2023 |
| US District Court, Western District of Washington | 2:22cv1558 | Guy v. Convergent Outsourcing, Inc. | Consumer - Data breach | 9/25/2023 |
| US District Court, Northern District of Georgia | 1:20cv1596 | Elder v. Reliance Worldwide Corporation (Sharkbite) | Consumer - Product Liability | 9/15/2023 |
| 18th Judicial Circuit Court, State of Illinois, DuPage County | 2023LA000411 | Stauber v. Sudler Property Management | Consumer - Data breach | 8/31/2023 |
| US District Court, Northern District of Georgia | 1:22cv1495 | Sherwood v. Horizon Actuarial Services, LLC | Consumer - Data breach | 8/30/2023 |
| District Court of Tarrant County, Texas | 342-339562-23 | Kaether v. Metropolitan Area EMS Authority (MedStar) | Consumer - Data breach | 8/21/2023 |
| US District Court, Middle District of North Carolina | 1:22cv468 | Farley v. Eye Care Leaders Holdings, LLC (ECL Group) | Consumer - Data breach | 7/25/2023 |
| US District Court, Middle District of Tennessee | 2:22cv50 | Julien, Adams v. Cash Express, LLC | Consumer - Data breach | 7/18/2023 |
| 18th Judicial Circuit Court, State of Illinois, DuPage County | 2023LA000535 | Young v. Military Advantage, Inc. (Military.com) | Consumer - Privacy | 7/14/2023 |
| US District Court, Northern District of Illinois | 1:22cv6933 | Hall v. Camping World Holdings, Inc. | Consumer - Data breach | 5/9/2023 |
| US District Court, Middle District of Pennsylvania | 2023-618 | In re Keystone Data Breach Litigation (Whitehead/Breneman) | Consumer - Data breach | 1/13/2023 |
| US District Court, Eastern District of New York | 1:20cv6239 | In re Canon USA Data Breach Litigation (Finnigan) | Employment - Data Breach | 12/20/2022 |
| US District Court, Southern District of New York | 1:22cv4286 | Dickens v. Thinx, Inc. (PFAS) Global Settlement | Consumer - Product Liability | 11/22/2022 |
| US District Court, Southern District of Indiana | 1:22cv551 | Sharma v. Accutech Systems Corporation | Consumer - Data breach | 11/16/2022 |

| Hausfeld | | | | |
|---|---|---|---|---|
| **Court** | **Case Number** | **Case Name** | **Case Type** | **Last Case Update** |
| US District Court, Middle District of Tennessee | 3:23cv684 | In re HCA Healthcare, Inc. Data Security Litigation | Consumer - Data breach | 9/6/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Master Record) | Consumer - Data breach | 9/5/2024 |
| US District Court, Northern District of Georgia | 1:21cv02182 | Baker v. ParkMobile, LLC | Consumer - Data breach | 9/5/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Bank of Canton Settlement) | Consumer - Data breach | 9/5/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Arietis - NorthStar Settlement) | Consumer - Data breach | 8/20/2024 |
| US District Court, Southern District of New York | 1:16cv3228 | Kashef v. BNP Paribas S.A. | Other | 8/19/2024 |
| US District Court, Northern District of California | 4:23cv5710 | In re Post Meds Inc. Data Breach Litigation | Consumer - Data breach | 8/15/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (National Student Clearinghouse Settle | Consumer - Data breach | 8/7/2024 |
| US District Court, Northern District of California | 3:21cv3825 | In re Da Vinci Surgical Robot Antitrust Litigation | Antitrust | 8/5/2024 |
| US District Court, Middle District of Tennessee | 3:23md3071 | In re RealPage, Inc. Rental Software Antitrust Litigation No. II | Antitrust | 6/7/2024 |
| US District Court, Northern District of Illinois, Eastern Divisi | 1:21cv1798 | In re Automatic Card Shufflers Litigation | Antitrust | 5/23/2024 |
| US District Court, Western District of Pennsylvania | 2:23cv250 | Doe v. Highmark, Inc. | Consumer - Data breach | 5/8/2024 |
| US District Court, Southern District of Georgia | 4:23cv76 | Kolstedt v. TMX Finance Corporate Services, Inc. | Consumer - Data breach | 5/7/2024 |
| US District Court, District of Maryland | 8:19md2879 | In re Marriott International, Inc., Customer Data Security Breach Litigation (Consumer Track) | Consumer - Data breach | 5/7/2024 |
| US District Court, District of New Jersey | 2:23cv2174 | In re Fragrance Direct Purchaser Antitrust Litigation | Antitrust - Direct | 5/7/2024 |
| US District Court, Western District of Missouri | 4:23md3073 | In Re T-Mobile 2022 Customer Data Security Breach Litigation (HVC) | Consumer - Data breach | 5/1/2024 |
| US District Court, Northern District of Georgia | 1:23cv2043 | Damon Miller v. NextGen Healthcare, Inc. | Consumer - Data breach | 4/10/2024 |
| US District Court, Eastern District of New York | 2:23cv4282 | In re Enzo Biochem Data Breach Litigation | Consumer - Data breach | 4/10/2024 |
| US District Court, District of Massachusetts | 1:23cv10575 | Smith v. Zoll Medical Corporation | Consumer - Data breach | 4/10/2024 |
| US District Court, District of Massachusetts | 1:23md3083 | In re MOVEit Customer Data Security Breach Litigation (Website Development ONLY) | Other | 4/9/2024 |
| US District Court, Central District of California | 2:23cv6546 | In re Entertainment Partners Data Breach Litigation | Consumer - Data breach | 4/8/2024 |
| US District Court, Northern District of Illinois | 1:23cv6715 | In re Manufactured Home Lot Rents Antitrust Litigation | Antitrust | 3/7/2024 |
| US District Court, District of Illinois | 1:21cv135 | In re Clearview AI, Inc., Consumer Privacy Litigation | Consumer - Privacy | 10/24/2023 |
| US District Court, District of South Carolina | 7:19cv1445 | Millwood (Niewinski) v. State Farm Life Insurance Company (Settlement) | Consumer - Insurance | 7/21/2023 |
| US District Court, Northern District of California | 5:18cv198 | In Re Inductors Antitrust Litigation (DIRECT) | Antitrust - Direct | 5/26/2023 |
| | | Project Cheetah - Amazon & Apple Selling Restrictions (UK) | Antitrust | 4/21/2023 |
| US District Court, District of South Carolina | 7:19cv1445 | Millwood v. State Farm Life Insurance Company (NOTICE) | Consumer - Insurance | 3/27/2023 |
| | | Project Piranha - Google Mobile Search (UK) | Antitrust | 11/1/2022 |
| | | Project Barracuda/Ad Tech - Arthur v. Google (UK) | Antitrust | 10/3/2022 |

# EXHIBIT B

**CHART OF COMPARABLE OUTCOMES**

| Case | *In re LinkedIn User Privacy Litig.* Case No. 5:12-cv-03088-EJD (N.D. Cal. 2015) | *In re Anthem, Inc. Data Breach Litig.* Case No. 15-md-02617-LHK (N.D. Cal. 2018) | *Cochran, et al. v. The Kroger Co., et al.* Case No. 5:21-cv-01887-EJD (N.D. Cal. 2022) | *In re Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.* Case No. 3:23-cv-04089-SI (N.D. Cal. 2024) |
|---|---|---|---|---|
| Claims Released | Negligence, Negligence *Per Se*, Breach of Implied Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Violations of California Unfair Competition Law (UCL), and Violations of California Consumers Legal Remedies Act (CLRA) | Negligence, Negligence *Per Se*, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Third-Party Beneficiary Breach of Contract, Negligent Misrepresentation, Unjust Enrichment, Violations of California Unfair Competition Law (UCL), Violations of Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), and violations other state consumer protection statutes | Negligence, Breach of Implied Contract, Violations of California Consumer Privacy Act (CCPA), and Violations of the California Confidentiality of Medical Information Act (CMIA) | Negligence, Negligence *Per Se*, Breach of Fiduciary Duty, Breach of Confidence, Breach of Implied Contract, Invasion of Privacy, and Violations of California Consumer Privacy Act (CPA) |
| Total Settlement Fund | $1,250,000.00 | $115,000,000.00 | $5,000,000.00 | $8,000,000.00 |
| Total # of Class Members | 6,400,000 | 79,150,325 | 3,788,622 | 638,023 |
| Total # of Class Members to Whom Notice was Sent | 797,757 | ~60,000,000 | 3,788,622 | ~631,000 |
| Method(s) of Notice | Direct Notice via Email<br><br>Settlement Website | Direct Notice via Email and U.S. Mail<br><br>Publication of Notice in *People* and *Good Housekeeping* magazines<br><br>Targeted Social Media Advertisement Campaign | Direct Notice via Email and U.S. Mail<br><br>Settlement Website<br><br>Internet Notice Campaign (Banner Advertisements) | Direct Notice via Email and U.S. Mail<br><br>Settlement Website |
| # and % of Claim Forms Submitted | 47,336 (0.7% claims rate) | 1,408,862 (1.8% claims rate) | 80,630 (2.1% claims rate) | 11,824* (1.8% claims rate)<br><br>*Claims filed at time of filing motion for attorneys' fees [ECF No. 68], motion for final approval of settlement has not yet been filed |
| Average Recovery per Class Member | $0.20 | $1.45 | $1.31 | $12.54 |

| Amounts Distributed to *Cy Pres* | N/A | Final amount unknown, but no more than $416,666.66 to be distributed to *cy pres* recipients | Unknown | Unknown |
|---|---|---|---|---|
| Notice & Admin. Costs | $140,000.00 | $23,000,000.00 | $980,000.00 | $610,000.00 |
| Attorneys' Fees & Costs | $375,000.00 – Fees<br><br>$26,608.67 – Costs | $37,950,000.00 – Fees<br><br>$3,000,000.00 – Costs | $1,231,628.00 – Fees<br><br>$18,372.00 – Costs | $2,000,000.00 – Fees<br><br>$31,500.00 – Costs |
| Total Exposure if Ps had Prevailed on Every Claim | Estimated between $5.00 and $50.00 per class member ($32,000,000.00 to $320,000,000.00) | Unclear | Unclear | Unclear |
| Credit/Identity Theft Monitoring [# of Class Members who Redeemed and Aggregate Value Redeemed] | N/A | 126,640,520 Credit Monitoring claims redeemed [aggregate value unknown] | 14,989 Credit Monitoring and Insurance Services claims redeemed [aggregate value of $239,824.00] | 3 years of Credit Monitoring offered, total number of claims redeemed and aggregate value to be determined |
| Other Injunctive or Non-Monetary Relief, if any | Confirmation of business practice changes related to data security | Confirmation of business practice changes related to data security | Confirmation of business practice changes related to data security and agreement to 5 years of dark web monitoring | Confirmation of business practice changes related to data security |

# EXHIBIT C



# FIRM RESUME /

# BIOGRAPHY OF GARY M. KLINGER



Milberg Coleman Bryson Phillips Grossman ("Milberg") is an AV-rated international law firm with more than 100 attorneys and offices across the United States, the European Union, and South America. Combining decades of experience, Milberg was established through the merger of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP.

Milberg prides itself on providing thoughtful and knowledgeable legal services to clients worldwide across multiple practice areas. The firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights. We have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar service to our clients. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to numerous leadership roles in prominent national mass torts and class actions.

> *Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder right services, both domestically and globally.*

In the United States, Milberg currently holds more than 100 court-appointed full- and co-leadership positions in state and federal courts across the country. Our firm has offices in California, Chicago, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, New Jersey, New York, North Carolina, South Carolina, Tennessee, Washington, Washington D.C., and Puerto Rico. Milberg's commitment to its clients reaches beyond the United States, litigating antitrust, securities, and consumer fraud actions in Europe and South America, with offices located in the United Kingdom, and the Netherlands. Milberg prides itself on providing excellent service worldwide.

The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, Time Magazine, Lawdragon, and Super Lawyers, among others.

> *"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
> – THE NEW YORK TIMES

# PRACTICE AREAS

## SECURITIES FRAUD

Milberg pioneered the use of class action lawsuits to litigate claims involving investment products, securities, and the banking industry. Fifty years ago, the firm set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg remains among the most influential securities litigators in the United States and internationally.

Milberg and its attorneys were appointed Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases throughout its history.

## ANTITRUST & COMPETITION LAW

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## FINANCIAL LITIGATION

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## CONSUMER PROTECTION

Milberg's Consumer Protection Practice Group focuses on improving product safety and protecting those who have fallen victim to deceptive marketing and advertising of goods and services and/or purchased defective products. Milberg attorneys have served as Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases alleging the sale of defective products, improper marketing of products, and violations of consumer protection statutes.

## DANGEROUS DRUGS & DEVICES

Milberg is a nationally renowned firm in mass torts, fighting some of the largest, wealthiest, and most influential pharmaceutical and device companies and corporate entities in the world. Our experienced team of attorneys has led or co-led numerous multidistrict litigations of defective drugs and medical devices.

## EMPLOYMENT & CIVIL RIGHTS

Milberg's Employment & Civil Rights attorneys focus on class actions and individual cases nationwide arising from discriminatory banking and housing practices, unpaid wages and sales commissions, improperly managed retirement benefits, workplace discrimination, and wrongful termination.

## ENVIRONMENTAL LITIGATION & TOXIC TORTS

Milberg's Environmental Litigation & Toxic Torts Practice Group focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. Milberg and its attorneys have held leadership roles in all facets of litigation in coordinated proceedings, with a particular focus on developing the building blocks to establish general causation, which is often the most difficult obstacle in an environmental or toxic tort case.

## STATE & LOCAL GOVERNMENTS

Milberg attorneys are dedicated to defending the Constitutional and statutory rights of individuals and businesses that are subjected to unlawful government exactions and fees by state and local governments or bodies.

## CYBERSECURITY & DATA PRIVACY

Milberg is a leader in the fields of cyber security, data breach litigation, and biometric data collection, litigating on behalf of clients — both large and small — to change data security practices so that large corporations respect and safeguard consumers' personal data.

## APPELLATE

Consisting of former appellate judges, experienced appellate advocates, and former law clerks who understand how best to present compelling arguments to judges on appeal and secure justice for our clients beyond the trial courts, Milberg's Appellate Practice Group boasts an impressive record of success on appeal in both state and federal courts.

# LEADERSHIP ROLES

In re: Google Play Consumer Antitrust Litigation

In re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation

In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation

In re: Blackbaud Inc., Customer Data Breach Litigation

In re: Paragard IUD Products Liability Litigation

In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation

In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation

In re: Allergan Biocell Textured Breast Implant Products Liability Litigation

In re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation

In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation

In re: Ortho Evra Products Liability Litigation

In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation

In re: Kugel Mesh Hernia Patch Products Liability Litigation

In re: Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation

In re: Stand 'N Seal Products Liability Litigation

In re: Chantix (Varenicline) Products Liability Litigation

In re: Fosamax (alendronate Sodium) Products Liability Litigation

In re: Benicar (Olmesartan) Products Liability Litigation

In re: Onglyza (Saxagliptin) & Kombiglyze Xr (Saxagliptin & Metformin) Products Liability Litigation

In re: Risperdal and Invega Product Liability Cases

In re: Mirena IUS Levonorgestrel-Related Products Liability Litigation

In re: Incretin-based Therapies Product Liability Litigation

In re: Reglan/Metoclopromide

In re: Levaquin Products Liability Litigation

In re: Zimmer Nexgen Knee Implant Products Liability Litigation

In re: Fresenius Granuflo/NaturaLyte Dialysate Products Liability Litigation

In re: Propecia (Finasteride) Products Liability Litigation

In re: Transvaginal Mesh (In Re C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation; In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation; In Re Boston Scientific, Inc., Pelvic Repair System Products Liability; In Re American Medical Systems, Pelvic Repair System Products Liability, and others)

In re: Fluoroquinolone Product Liability Litigation

In re: Depuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation

In re: Recalled Abbott Infant Formula Products Liability Litigation

Home Depot, U.S.A., Inc. v. Jackson

Webb v. Injured Workers Pharmacy, LLC

# NOTABLE RECOVERIES

### $4 Billion Settlement
In re: Prudential Insurance Co. Sales Practice Litigation

### $3.2 Billion Settlement
In re: Tyco International Ltd., Securities Litigation

### $1.14 Billion Settlement
In Re: Nortel Networks Corp. Securities Litigation

### $1 Billion-plus Trial Verdict
Vivendi Universal, S.A. Securities Litigation

### $1 Billion Settlement
NASDAQ Market-Makers Antitrust Litigation

### $1 Billion Settlement
W.R. Grace & Co.

### $1 Billion-plus Settlement
Merck & Co., Inc. Securities Litigation

### $775 Million Settlement
Washington Public Power Supply System Securities Litigation

### $586 Million Settlement
In re: Initial Public Offering Securities Litigation

# GARY M. KLINGER

**Gary M. Klinger** is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[1] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[2] Law360 recently highlighted Mr. Klinger's work in the privacy space.[3]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country.[4] Mr. Klinger and his firm are largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space.[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *E.g., Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than one hundred (100) class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action);

- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action);

- *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).

---

[1] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[2] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[3] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

[4] See, e.g., *Isiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JDE (C.D. Cal.) (where Mr. Klinger is co-lead counsel in a data breach involving more than 17 million consumers); *In re MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).

[5] *See e.g,. Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

# LOCATIONS

### PUERTO RICO
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

### CALIFORNIA
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

### FLORIDA
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134

3833 Central Avenue
St. Petersburg, Florida 33713

### ILLINOIS
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

### LOUISIANA
5301 Canal Boulevard
New Orleans, Louisiana 70124

### MICHIGAN
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

### NEW JERSEY
1 Bridge Plaza North, Suite 675
Fort Lee, New Jersey 07024

### NEW YORK
100 Garden City Plaza, Suite 500
Garden City, New York 11530

405 E 50th Street
New York, New York 10022

### NORTH CAROLINA
900 West Morgan Street
Raleigh, North Carolina 27603

5 West Hargett Street, Suite 812
Raleigh, North Carolina 27601

### SOUTH CAROLINA
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

### TENNESSEE
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

### WASHINGTON
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

### WASHINGTON, D.C.
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015

### NETHERLANDS

### UNITED KINGDOM



# EXHIBIT D



**HAUSFELD**
FOR THE CHALLENGE

FIRM RESUME
HAUSFELD PRIVACY & DATA BREACH

# About Hausfeld

In the last decade, Hausfeld attorneys have won landmark trials, negotiated complex settlements among dozens of defendants, and recovered billions of dollars for clients both in and out of court. Renowned for skillful prosecution and resolution of complex and class-action litigation, Hausfeld is the only claimants' firm to be ranked in the top tier of private enforcement of antitrust/competition law, as well as a firm to watch in privacy law, in both the United States and the United Kingdom by *The Legal 500* and *Chambers and Partners*. Our German office is also ranked by *The Legal 500* for general competition law.

From our locations in Washington, D.C., Boston, New York, Philadelphia, San Francisco, Amsterdam, Berlin, Brussels, Düsseldorf, Hamburg, Stockholm, and London, Hausfeld contributes to the development of law in the United States and abroad in the areas of Antitrust/Competition, Commercial and Financial Disputes, Environmental and Product Liability, Human Rights, and Privacy & Data Breach. Hausfeld attorneys have studied the global integration of markets—and responded with innovative legal theories and a creative approach to claims in developed and emerging markets.

Hausfeld was founded by Michael D. Hausfeld, who is widely recognized as one of the country's top civil litigators and a leading expert in the fields of private antitrust/competition enforcement and international human rights. The *New York Times* has described Mr. Hausfeld as one of the nation's "most prominent antitrust lawyers," while *Washingtonian* characterizes him as a lawyer who is "determined to change the world—and succeeding," noting that he "consistently brings in the biggest judgments in the history of law."

## Privacy & Data Breach

Hausfeld has long been recognized as a leader in cybersecurity and privacy litigation and has been

involved in many of the largest and most cutting-edge data breach and privacy cases – both in the United States and in Europe. Hausfeld's Technology & Data Breach attorneys have led dozens of cases and been pioneers in seeking compensation for victims of data breaches and privacy violations. Hausfeld has also contributed to the development of privacy law in the United States and abroad. We have recovered billions of dollars of benefits for consumers and other entities in legal actions against retailers, healthcare companies, credit bureaus, and others whose ineffective security measures led to the exfiltration of private information. We have also been pioneers in seeking enhanced business practice changes to ensure that such data is protected in the future.

Hausfeld's accolades in the cybersecurity world are unmatched. Hausfeld is the only plaintiffs' firm in the country ranked by *Legal500* in Cyber Law (including data privacy and data protection). *Chambers and Partners* ranks the leading lawyers and law firms across the world. In 2024, it ranked Jamie Pizzirusso, Hausfeld's Techynolgy & Data Breach practice group leader, (for the fourth year in a row) as a top lawyer in "Privacy and Data Security: Litigation." It described Mr. Pizzirusso as "a highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions." Hausfeld is also the only Plaintiffs' firm in the country to be ranked for the third year in a row by *Chambers* in the category of Privacy & Data Security: Litigation, Nationwide where they wrote: "Hausfeld's team is talented across the board, it contains some of the hardest-working and smartest lawyers." In 2024, *The National Law Journal* recognized Hausfeld as the top firm in the Privacy/Data Breach category in their Elite Trial Lawyer awards. The *The National Law Journal* also named Mr. Pizzirusso as one of its "2023 Class Action/Mass Tort Trailblazers" for his work on data breach and privacy cases and in 2017 as a "Cybersecurity Trailblazer." In 2020, *The National Law Journal* recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy matters. *Law360* recognized Hausfeld as having a "2021

Practice Group of the Year" in Cybersecurity & Privacy. Additionally, in 2021, Mr. Pizzirusso was personally named as one of *Law360's* "Cybersecurity & Privacy MVPs" (the only plaintiffs' attorney to receive that distinction). *SuperLawyers* has recognized Mr. Pizzirusso as a "Top Rated Class Action & Mass Torts Attorney" in Washington, DC since 2016 and Lawdragon has named him as one of 500 Leading Plaintiff Consumer Lawyers since 2019.



**Hausfeld, which 'commits extensive resources to the most difficult cases,' widely hails as one of the few market-leading plaintiff firms.**
*The Legal 500*

# Hausfeld: a global reach

Hausfeld's international reach enables it to advise across multiple jurisdictions and pursue claims on behalf of clients worldwide. Hausfeld works closely with clients to deliver outstanding results while always addressing their business concerns. Hausfeld does so by anticipating issues, considering innovative strategies, and maximizing the outcome of legal disputes in a way that creates shareholder value. The firm's inventive cross border solutions work to the benefit of the multinational companies it often represents.

## Creative solutions to complex legal challenges

Hausfeld lawyers consistently apply forward-thinking ideas and creative solutions to the most vexing global legal challenges faced by clients. As a result, the firm's litigators have developed numerous innovative legal theories that have expanded the quality and availability of legal recourse for claimants around the globe that have a right to seek recovery. Hausfeld's impact was recognized by the *Financial Times*, which honored Hausfeld's European team with the "Innovation in Legal Expertise - Dispute Resolution," award, which was followed up by FT commending Hausfeld's North American team for its innovative work in the same category. In addition, *The Legal 500* has ranked Hausfeld as the only top tier claimants firm in private enforcement of antitrust/competition law in both the United States and the United Kingdom. For example, the landmark settlement that Hausfeld negotiated to resolve claims against Parker ITR for antitrust overcharges on marine hoses represented the first private resolution of a company's global cartel liability without any arbitration, mediation, or litigation—creating opportunities never before possible for dispute resolution and providing a new model for global cartel settlements going forward.

## Unmatched global resources

The firm combines its U.S. offices on both coasts and vibrant European presence with a broad and deep network around the globe to offer clients the ability to seek redress or confront disputes in every corner of the world and across every industry. With over 165 lawyers in offices in Washington, D.C., Boston, New York, Philadelphia, San Francisco, Amsterdam, Berlin, Düsseldorf, Hamburg, Brussels, Stockholm, and London, Hausfeld is a "market leader for claimant-side competition litigation" (*The Legal 500*).

# Litigation achievements

Hausfeld has achieved groundbreaking decisions and settlements on behalf of victims of data breach and privacy violations, including:

***In re: T-Mobile Customer Data Security Breach Litigation MDL*** Represented a class of plaintiffs, as co-lead counsel, whose data was exposed during a 2021 breach, securing a $350 million settlement and an agreement to increase data security spending by $150 million over the next two years, one of the largest per capita settlements ever reached in a large data breach.

***In re Marriott International Inc., Customer Data Security Breach Litig.*** Representing a class of plaintiffs as co-lead plaintiffs' counsel against hotel chain Marriott and its data security vendor Accenture. Hausfeld's filing came on the heels of Marriott's admission that approximately 5.25 million unencrypted passport numbers and 20.3 million encrypted passport numbers were among the sensitive customer records accessed by hackers. A federal judge in Maryland granted class certification in May 2022, issuing a 70-plus page opinion certifying the case for trial. The opinion allows the plaintiffs to seek damages related to overpayment for hotel rooms, as well as statutory and nominal damages. The Court also found that consumers might be able to recover damages for the inherent value of their personal information stolen during the breach. This is by far the largest of any consumer data breach class action ever certified. An appeal is currently pending.

***In re Equifax, Inc. Customer Data Security Breach Litig.*** Reached a $1.5 billion settlement for data breach victims as part of the court-appointed Plaintiffs' Steering and Settlement Committee. This massive 2017 breach exposed the Social Security numbers, birth dates, addresses, driver's licenses, and credit card numbers of millions of consumers. In 2021, the Eleventh Circuit Court of Appeals upheld the settlement over the appeal of several objectors making it the largest data breach settlement ever approved by a Circuit Court of Appeals.

***In re TikTok, Inc. Consumer Privacy Litig.*** Obtained a $92 million settlement, one of the largest Biometric Information Protection Act ("BIPA") settlements ever, against popular app, TikTok. TikTok violated the Illinois BIPA laws, as well as numerous other privacy statutes, with its face capturing software that numerous minors and young adults use to share videos and messages.

***In re Target Corporation Customer Data Security Breach Litig.*** Secured a $60 million settlement to a nationwide class of financial institutions after class certification. This data breach was the largest data breach at the time, where financial institutions were forced to replace millions of credit cards. The settlement covered the out-of-pocket costs sustained due to the breach and required Target to implement numerous data security changes going forward.

***In re Premera Blue Cross Customer Data Sec. Breach Litig.*** Secured a $74 million settlement, as a member of the Executive Leadership Committee, on behalf of health insurance customers' whose data was stolen. Premera Blue Cross was aware of their inadequate data security when an employee opened a phishing email, giving hackers access to company data.

# JAMES J. PIZZIRUSSO

**Partner**
Washington, DC



✉ jpizzirusso@hausfeld.com

☎ +1 202 540 7154

in LinkedIn

## OVERVIEW

As a co-founder of the firm, James has led Hausfeld's Data Breach/Privacy and Consumer Protection practice groups since the firm's inception and courts have personally appointed him to leadership positions in dozens of successful class actions. He has diverse practice centering on cybersecurity and privacy law, but also handles cases involving consumer protection, antitrust law (with an emphasis in agriculture), and sports and entertainment law. James' practice also includes domestic and international environmental and public health litigation.

**Clients**

James has pursued justice on behalf of his clients, both domestically and abroad, in a wide variety of practice areas and on behalf of notable clients. Aside from representing consumers suffering from privacy violations and consumer fraud, his clients have included musicians (e.g., Chuck D. of Public Enemy) and professional athletes (e.g., Jim Brown). He has successfully resolved the claims of numerous farmers and landowners in Barbados who suffered reduced crop yields and property damages as a result of a massive jet fuel spill. James has also represented farmers and other entities seeking damages related to unauthorized releases of genetically modified crops. Domestically, he has represented municipalities and individuals suffering harm related to lead paint and other toxic products.

James' distinctive approach to litigation has resulted in recoveries of billions of dollars for his clients and class members.

## EDUCATION

George Washington University Law School, J.D., with honors, 2001
University of Tennessee-Knoxville, B.A., *summa cum laude*, 1998

## BAR ADMISSIONS

District of Columbia
The Supreme Court of the United States
United States Court of Appeals for the Fourth Circuit
United States Court of Appeals for the Sixth Court
United States Court of Appeals for the Ninth Court
Several Federal District Courts

## AFFILIATIONS

ABA Antitrust Law Section's Consumer Protection Committee, Vice Chair (2022-present)
ABA Antitrust Law Section's Competition Torts Committee, Vice Chair (2020-2022)
ABA Antitrust Section's Food & Agriculture Committee, Co-Chair (2017)
ABA Antitrust Section's Food & Agriculture Committee, Vice Chair (2014-2016)
ABA Antitrust Section's Trade, Sports, Professional Associations Committee, Vice Chair (2012- 2013)
George Washington University Law School, Adjunct Professor, Environmental and Toxic Torts (2009)
George Washington University Law School, Visiting Associate Professor of Clinical Law, Vaccine Injury Clinic (2007)
Sedona Conference Data Security and Privacy Liability (Working Group 11) Steering Committee, Appointed Member (2020-2023)

## WHAT OTHERS SAY

**Chambers and Partners**
- Band 2, Privacy and Data Security: Litigation, 2024
- Band 3, Privacy and Data Security: Litigation since 2021
- Global Guide: Privacy & Data Security: Litigation - USA in 2023 and 2024
- Hausfeld ranked as band 1 in Privacy and Data Security Litigation (nationwide) (the only Plaintiffs' firm in the country to receive a Band 1 ranking)

**Financial Times**
- Shortlisted Hausfeld for the "Innovative Lawyers in Cyber Security and Data Protection" Award
- Law360
- Hausfeld recognized as "2021 Practice Group of the Year" in Cybersecurity & Privacy
- Cybersecurity & Privacy MVP in 2021 (the only plaintiffs' attorney to receive that distinction)
- Runner up Litigator of the Week in December 2023

**Lawdragon**
- 500 Leading Environmental & Energy Lawyer in 2021
- The Green 500: Leaders in Environmental Law in 2021
- 500 Leading Plaintiff Consumer Lawyers since 2019
- 500 Leading Litigators in America in 2022

**National Law Journal**
- Elite Trial Lawyers, Hausfeld wins Privacy/Data Breach category in 2024
- Class Action/Mass Tort Trailblazer in 2023
- Washington, D.C. Trailblazer in 2020
- Cybersecurity Trailblazer in 2017

**Super Lawyers**
- Super Lawyer, Consumer Law in Washington, DC since 2016

**Who's Who Legal**
- Global Leader, Competition: Plaintiff in 2020 & 2023
- International Who's Who of Competition Lawyers & Economists by the Global Competition Review and Who's Who Legal in 2014.

**Other**
- DC Local Litigation Star from 2013-2015 and Antitrust Litigation Star in 2012 by Benchmark Litigation.
- One of just four Rising Stars under 40, Consumer Protection and Privacy Law in 2012 by Law360.
- James is regularly asked to appear as a speaker at conferences around the country and has presented on topics including antitrust, consumer protection, toxic torts, and public interest litigation.
- Legal 500 - Firms To Watch: Cyber law (including data privacy and data protection)

## ◢ EXPERIENCE

### Technology & Data Breach

- *In re Equifax, Inc. Customer Data Sec. Breach Litig.* MDL No. 1:17-md-2800-TWT (N.D. Ga.) (PSC and Settlement Committee) ($500 million settlement with $1 billion in upgraded data security) (largest data breach settlement ever reached)
- *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.) (Co-Lead Counsel) ($500 million settlement) (second largest data breach settlement)
- *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D. Md.) (Co-Lead Counsel) (pending)
- *In re American Medical Collection Agency, Inc. Customer Data Sec. Breach Litig.*, MDL No. 19-md-2904 (D.N.J.) (Steering Committee) ($6.3 million partial settlement) (pending)
- *In re Capital Health Systems, Inc., Data Breach Litig.*, No. 3:23-cv-23234 (D.N.J.) (Co-Lead Counsel)) (pending)
- *Doe v. Highmark, Inc.*, No. 2:23-cv-00350-NR (W.D. Pa.) (PSC) (pending)
- *In re LastPass Data Sec. Incident Litig.*, 1:22-cv-12047-PBS (D. Mass.) (Co-Chair of PSC) (pending)
- *In re: Entertainment Partners Data Breach Litig.*, 2:23-cv-06546-CAS-PVC (PSC) (pending)
- *In Re: Overby-Seawell Company Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03056 (N.D. Ga.) (PSC) (pending)
- *Miller v. NextGen Healthcare, Inc.*, 1L23-cv-02043 (N.D. Ga.) (PSC) (pending)
- *Kolstedt v. TMX Fin. Corp. Serv.*, Inc., 4:23-cv-00076 (S.D. Ga.) (PSC) (pending)
- *In re Enzo Biochem Data Sec. Litig.*, 2:23-cv-04282 (E.D.N.Y.) (Co-Lead) (pending)
- *In re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, 4:23-md-03073-BCW (W.D. Mo.) (Co-Lead) (pending)
- *Silvers v. HCA Healthcare, Inc.*, 3:23-cv-00684 (M.D. Tn.) (Executive Committee) (pending)
- *In re: MOVEit Customer Data Sec. Breach Litig.*, 1:23-md-03083-ADB (D. Mass.) (PSC) (pending)
- *Gordon v. Zeroed-In Technologies, LLC*, 1:23-cv-03284-BAH (D. Md.) (Co-Lead) (pending)
- *Price v. Carnival Corp.*, 3:23-cv-00236-GPC-MSB (S.D. Cal.) (Co-Lead) (pending)
- *Detrixhe v. Integris Health, Inc.*, CJ-2023-7235 (Dist. Ct. Okl. Cty) (Co-Lead) (pending)
- *In re: HealthEC LLC Data Breach Litig.*, No. 2:24-cv-00026-JKS-ESK (D.N.J.) (Plaintiffs' Executive Committee) (pending)
- *In re: Postmeds, Inc., Data Breach Litig.*, No. 4:23-cv-05710-HSG (N.D. Cal.) (Co-Lead) (pending)
- *In re Harvard Pilgrim Data Security Incident*, NO. 23-11211-NMG (D. Mass.) (Co-Lead) (pending)
- *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, MDL No. 3:15-md-2633-SI (D. Or.) (Executive Leadership Committee) ($74 million settlement)
- In re Target Corporation Customer Data Security Breach Litig., MDL No. 14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions, contested nationwide class certification granted, $60 million settlement approved)
- In re: Arby's Rest. Group, Inc. Data Security Litig., 1:17-cv-514-AT (N.D. Ga.) (Co-Lead) (~$5 million settlement)
- Greater Chautauqua Federal Credit Union v. Kmart Corp., 1:15-cv-02228 (N.D. Ill.) (Co-Lead) (~$18.5 million settlement)
- First Choice Federal Credit Union v. Wendy's, 2:16-cv-00506 (W.D. Pa.) (Plaintiffs' Executive Committee) ($50 million settlement)

### Antitrust/Competition

- *In re Processed Egg Products Antitrust Litig.* – $136 million in settlements reached on behalf of direct purchasers of shell eggs.
- *In re Fresh and Process Potatoes Antitrust Litig.* – $19.5 million settlement reached on behalf of purchasers of potatoes.
- *In re New Jersey Tax Sale Certificates Antitrust Litig.* – $9.5 million settlement on behalf of victims of bid-rigging conspiracy related to tax sale certificates.

## Deceptive Business Practices & Consumer Protection

- *Morris v. Bank of America, N.A.* (Appointed co-lead, $75 million settlement involving excessive overdraft and insufficient funds fees)
- *In re Sony PS3 "Other OS" Litig.* (Appointed co-lead counsel in case involving falsely advertised PlayStations: $4 million settlement)
- *Radosti v. Envision EMI, LLC* ($17.5 million nationwide settlement)
- *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.* ($8 million nationwide settlement)
- *Brown v. Transurban (USA), Inc.* (Appointed co-lead counsel: nationwide settlement in this case involving excessive toll lane fees)
- *In re Honey Transshipping Litig.* ($4 million nationwide Lanham Act settlement on behalf of honey producers)
- Represented Vital Farms in Lanham Act litigation against competitor resulting in confidential settlement

## Public Entity

We have extensive experience representing public and governmental entities, including state Attorneys General Offices, municipal utility boards, and counties in high-stakes investigations and litigation involving a variety of legal practice areas, including antitrust, consumer protection, financial services, and environmental law. The firm's public entity portfolio includes:

- Retention by state Attorneys General Offices for antitrust litigation against Big Tech platforms.
- Retention by the largest public water supplier in the country relating to environmental contamination.
- Retention by public entities to pursue antitrust claims relating to fraud in financial markets; and
- Retention by the state of West Virginia in one of the earliest cases against the pharmaceutical industry relating to the opioid crisis, filed decades before the current wave of opioid litigation.

## Sports & Entertainment

- *In re Warner Music Group Corp. Digital Downloads Litig.* – Nationwide settlement of royalty dispute involving $11.5 million in past damages and future royalty increases in perpetuity.
- *James v. UMG Recordings, Inc.* - Nationwide settlement of royalty dispute involving $11.5 million in past damages and future royalty increases in perpetuity.
- *Dryer v. Nat'l Football League* – $50 million settlement on behalf asserting copyright and publicity rights claims from the NFL's use of retired players' images and likenesses.