Gary M. Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

James J. Pizzirusso
**HAUSFELD LLP**
1201 17th Street NW, Suite 600
Washington, DC 20036
T: 202.542.7200
E: jpizzirusso@hausfeld.com

*Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

| | |
|---|---|
| *IN RE: POST MEDS, INC. DATA BREACH LITIGATION* | Case No. 4:23-cv-05710-HSG |
| This Documents Relates To:<br>All Actions | POST-DISTRIBUTION ACCOUNTING ORDER ON ATTORNEYS' FEES |

On June 17, 2025, this Court entered an Order granting final approval (the "Final Approval Order") (ECF No. 116) of the Settlement Agreement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and PostMeds, Inc. d/b/a TruePill ("PostMeds"), In the Final Approval Order, the Court directed Class Counsel to file a

post-distribution accounting 21 days after the stale date for payment checks to Settlement Class Members.

Class Counsel filed an interim post-distribution accounting on December 16, 2025 (ECF No. 121) and the Court directed that a supplemental accounting be filed after all settlement funds had been distributed and after the stale date of any reissued funds (ECF No. 122).

Class Counsel has now filed the requisite final post-distribution accounting. Upon reviewing this filing, the Court is satisfied that the distribution of the Settlement Funds has been carried out in accordance with the Settlement Agreement and the Court's Final Approval Order. The Court authorizes the release of the remaining attorneys' fees. As such, the Court directs the Settlement Administrator to release the remaining 10% of attorneys' fees withheld to Class Counsel at this time.

The Parties have indicated that there is approximately $203,082.43 remaining in the Settlement Fund which would yield checks of $2.92 were there to be a supplemental distribution to those Class Members who cashed checks.  Given these small amounts and given that it is likely many recipients would not deposit these checks, pursuant to the Settlement Agreement, the Court Orders that any remaining funds go to 501(c)(3) *cy pres* recipients. In particular, the Court Orders that any remaining settlement funds be split between The Public Justice Foundation and the Electronic Privacy Information Center (EPIC).  After review of Class Counsel's supplemental submission laying out the sufficiency of the nexus between the proposed *cy pres* recipients and the subject matter of Plaintiffs' lawsuit, the Court has determined that these organizations meet the applicable standards articulated by the Ninth Circuit in *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012). Specifically, the Court finds that the subject matter of this lawsuit is generally the data privacy of Plaintiffs and the Settlement Class Members, a class that is geographically spread

nationwide, and that both organizations promote stronger data privacy protections for consumers like Plaintiffs and the Settlement Class Members.

IT IS SO ORDERED this 9th day of July 2026.

_____
THE HONORABLE JUDGE HAYWOOD GILLIAM, JR.

4:23-CV-05710-HSG